# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CHAPMAN V. CHAPMAN.

### JANUARY 18th, 1894.

1. WILLS—*Construction.*—Testator by his will says: "I loan to my wife all my estate not heretofore disposed of, during her natural life, and after her death I wish that estate sold and the proceeds equally divided between my four above-named children, or their lawful heirs begotten of their bodies."

HELD :

    (1.) The word "loan" is, in this will, used as equivalent to the word "give." *Wade* v. *Boxley*, 5 Leigh, 481.

    (2.) The gift to the children vests immediately, so that an assignment by one of them during the widow's life is valid.

    (3.) The word "or" must be read "and," and the word "heirs" taken in its usual and legal sense as a word of limitation. *Gish* v. *Moormaw*, 89 Va., 345.

Appeal from decree of circuit court of Madison county, rendered at its April term, 1891, in a suit in equity wherein Thomas A. Chapman was plaintiff, and Thomas W. Chapman and others were defendants. The single question involved in the appeal appears from the opinion.

*John E. Roller*, for appellant.

*James Hay* and *T. C. Gordon*, for appellees.

LEWIS, P., delivered the opinion of the court.

The testator, Thomas Chapman, after providing in his will for each of his four children, added a sixth clause as follows, to wit:

"It is my wish and desire that all of my estate, both real and personal, which I have not heretofore disposed of, I loan to my wife, Elizabeth Chapman, during her natural life, and my wish is that the property I have *loan* to her, after her death, both real and personal, should be sold by my executors, and the money arising from the same should be equally divided between my four children, above named, or their lawful heirs begotten of their bodies."

One of the children, James E. Chapman, assigned his inserest, and died before the life tenant. The question, therefore, is, whether the gift to the children, under the sixth clause of the will, vested immediately, or was postponed to the death of the life tenant.

In support of the latter view the appellant lays much stress on the word "loan," as manifesting an intention on the part of the testator to annex the time of distribution to the substance of the gift. But it is clear that the will was written *inops concilii*, and that the word, like the word "lend," in *Wade* v. *Boxley*, 5 Leigh, 442; *Moon* v. *Stone*, 19 Gratt., 130, and other cases, was used as the equivalent of *give*. Nor is there anything in the will to support the appellant's contention. The object of the testator evidently was to provide a life estate for his widow, and to defer the distribution for no other purpose than to give precedence to that estate. Hence, the gift is in substance a gift to the children, subject to the life interest of Mrs. Chapman; or, in other words, the title is conferred immediately, though the enjoyment in possession is postponed. *Hansford* v. *Elliott*, 9 Leigh, 79; *Martin* v. *Kirby*, 11 Gratt., 67; *Brent* v. *Washington*, 18 *Id.*, 526; *Gish* v. *Moormaw*, 89 Va., 345, and cases cited.

Jarman lays it down, and such is the universally recognized

doctrine, that "even though there be no other gift than in the direction to pay or distribute *in futuro*, yet if such payment or distribution appear to be postponed for the convenience of the fund or property, the vesting will not be deferred until the period in question;" and by way of illustration he adds: "Thus, where a sum of stock is bequeathed to A. for life, and after his decease, to trustees, upon trust to sell and pay and divide the proceeds to and between C. and D., or to pay certain legacies thereout to C. and D., as the payment or distribution is evidently deferred until the decease of A. for the purpose of giving precedence to his life interest, the ulterior legatees take a vested interest at the decease of the testator." 2 Jarm., Wills (5th Am. ed.), 458.

There is, indeed, nothing better settled in this court than that all devises and bequests are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated in the will. *Sellers' ex'or* v. *Reed*, 88 Va., 377; *Jameson* v. *Jameson*, 86 *Id.*, 51.

In the present case the fact that the gift is to the children "or their lawful heirs begotten of their bodies" does not make the gift contingent. The money arising from the sale of the property, after the death of the life tenant, was at all events to be equally divided into four parts, and paid to the testator's four children "or their lawful heirs," &c., which means that it was to be paid to the children living at the death of the life tenant, or to the representatives of such as might then be dead, the words "or their lawful heirs," &c., being words of limitation, and not the substitution of a new class of beneficiaries taking as purchasers from the testator. For to effectuate the intention of the testator we must read "and" for "or," and give to the word "heirs" its usual and legal signification. *Parkin* v. *Knight*, 15 Sim., 83; *Patterson* v. *Hawthorn*, 12 S. & R., 112; *McGill's Appeal*, 61 Pa. St., 46; *Linton* v. *Laycock*, 33 Ohio St., 128; *Gish* v. *Moormaw*, 89 Va., 345; *East* v. *Garrett*, 84 *Id.*, 523.

In this view of the case, the decree appealed from, upholding the assignment by James E. Chapman, as the transfer of a vested interest, is right, and must be affirmed.

DECREE AFFIRMED.