# Richmond.

## CREWS' ADM'R V. HATCHER AND OTHERS.

### APRIL 25, 1895.

1. WILLS—*Construction*—*"And" for "or"*—*Heirs*—*Vested remainder.*—A testator by his will devised real estate to his wife for life. By a subsequent clause of his will he devised other real estate to his son, Edward M., and his daughter, Sarah, "to them *and* their heirs forever, to be equally divided between them." Then follows a clause in the following words: *"At the death of my said wife, Maria Updegraff, I direct that the remaining portion of my estate shall be equally divided among the said Edward M. Hatcher, Henry C. Hatcher and Sarah E. Clark, or their heirs, respectively, upon which final division the said Edward M. Hatcher and Sarah E. Clark shall account to the said Henry C. Hatcher for one-third part of the real estate herein devised to them, respectively, the value thereof to be estimated as of the date of which they may come in possession of the same."*

HELD :

The last clause of the will created a vested remainder in Edward M., which took effect immediately upon the death of the testator, but the full enjoyment of which was postponed until the death of the first taker, the wife of the testator. The word "or" should be read "and," and the word "heirs" given the usual and legal signification.

2. WILLS—*Construction*—*Words of Survivorship after a Life Estate.*—It is established law in Virginia, that after a bequest of an estate for the life of the first taker, words of survivorship in a will are always to be referred to the period of the testator's death, when no special intent appears to the contrary.

Appeal from a decree of the Corporation Court of Danville, pronounced August 11, 1892, in a suit in chancery wherein the appellant was the complainant, and the appellees and others were the defendants.

*Reversed.*

The opinion states the case.

*Green & Miller, E. B. Withers* and *Berkeley & Harrison,* for the appellant.

*Peatross & Harris,* for the appellees.

KEITH, P., delivered the opinion of the court.

This case is before us upon an amended and supplemental bill filed in the Corporation Court of the city of Danville, Va., asking the construction of the will of A. S. Updegraff. The will, or so much of it as need be here quoted, is as follows:

"I give and bequeath to my beloved wife, Maria Updegraff, for and during her natural life, the lot or parcel of land upon which I at present reside, fronting on Craghead street, in the town of Danville, and State of Virginia, comprising the whole of the land heretofore purchased by me of Dr. William G. Craghead, deceased, as is evidenced by his deed of conveyance to me, which is of record, together with all and singular the buildings and other improvements situate thereon, and at her death to be disposed of as hereinafter provided." The will goes on then to say, that "I give and bequeath the residue of my real estate fronting on Craghead street, in the town of Danville, Va., to Edward M. Hatcher and Sarah E. Clark, widow of Michael Clark, deceased, to them and their heirs forever, to be equally divided between them, with reference to the value of each share, that of the said Sarah E. Clark to be laid off next to the lot upon which I at present reside."

The only other clause of the will which need be referred to is as follows:

"At the death of my said wife, Maria Updegraff, I direct that the remaining portion of my estate shall be equally divided among the said Edward M. Hatcher, Henry C. Hatcher,

and Sarah E. Clark, or their heirs respectively, upon which final division the said Edward M. Hatcher and Sarah E. Clark shall account to the said Henry C. Hatcher for one-third part of the real estate herein devised to them respectively, the value thereof to be estimated as of the date of which they may come in possession of the same.''

We are asked to determine the exact interest taken by Edward M. Hatcher, under this will, in the property disposed of in the clause last above cited. It will be observed that it refers to that portion of the testator's estate which he devises to his wife, Maria, for life, in a former part of the will.

The appellants contend that the language of the will creates in Edward M. Hatcher a vested remainder in fee, while, upon behalf of the appellees, it is claimed that the remainder limited after the life estate to Maria Updegraff is contingent upon Edward M. Hatcher's surviving the first taker, and, he having died in her life time, that the said remainder is not subject to his debts, but passes to his heirs, and that the word ''heirs'' should be construed as a word of purchase and not of limitation.

It is conceded that the estate given to Edward M. Hatcher and Sarah E. Clark, and their heirs, created in them a fee-simple, but the testator in disposing of the remaining portion of his estate, which consisted of the remainder after the termination of the life estate given to his wife in the lot fronting upon Craghead street, changes the phraseology and bequeaths this remainder to ''Edward M. Hatcher, Henry C. Hatcher, and Sarah E. Clark, *or* their heirs respectively;'' and it is argued that the change of expression from ''*and* their heirs'' to ''*or* their heirs'' is evidence of a purpose upon the part of the testator to use the word ''heirs'' in a different sense in the two passages quoted; and while in the first the word ''heirs'' has its usual and natural signification, as a word of inheritance or limitation, it is to be construed and interpreted in the latter clause as a word of purchase.

In the case of *Chapman* v. *Chapman*, 90 Va. 409, the testator by his will said: "It is my wish and desire that all of my estate both real and personal which I have not heretofore disposed of I loan to my wife, Elizabeth Chapman, during her natural life and my wish is that the property I have *loan* to her after her death both real and personal should be sold by my executors and the money arising from the same should be equally divided among my four children above named or their lawful heirs begotten of their bodies."

It was contended that the phrase "or their lawful heirs" made the gift to the children contingent, but the court thought otherwise, and Lewis, P., delivering the opinion says that "to effectuate the intention of the testator we must read 'and' for 'or' and give the word 'heirs' its usual and legal signification."

Courts always favor the vesting of estates, and therefore in doubtful cases lean in favor of construing language as creating vested, rather than contingent, remainders. "There is, indeed," says this court in the case just cited, "nothing better settled than that all devises are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated in the will." *Chapman* v. *Chapman*, 90 Va., at page 411.

This rule of construction upon which courts rely in cases of doubt and difficulty, need not be resorted to here, as there are other considerations which, in our judgment, place the interpretation to be given to this will beyond serious cavil or question. A vested remainder is defined to be one "limited to a certain person, and on a certain event, so as to possess a present capacity to take effect in possession should the possession become vacant." Fearnes Remainders, 216. "The present capacity to take effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder

determines, universally distinguishes a vested remainder from one that is contingent.'' 2 Minor's Inst., 337.

The estate given E. M. Hatcher by the will under consideration seems to fulfill every condition and requirement of this definition. It is the established law with us that after a bequest of an estate for the life of the first taker, words of survivorship in a will are always to be referred to the period of the testator's death, where no special intent appears to the contrary. See *Hansford* v. *Elliott*, 9 Leigh, 79; *Stone* v. *Lewis*, 84 Va. 474; and *Gish* v. *Moomaw*, 89 Va. 345; *Chapman* v. *Chapman*, 90 Va. *supra.*

In the case under consideration, not only is there nothing in the will to indicate that the words of survivorship should have reference to any period other than that of the death of the testator, but, as was said by Judge Richardson in *Gish* v. *Moomaw*, above cited, they are conspicuously absent. The will, on the contrary, affords other evidence that the testator intended that E. M. Hatcher should take a vested remainder in fee after the termination of the life estate given to his wife. As has been seen, a part of his real estate fronting on Craghead street was given absolutely to Edward M. Hatcher and Sarah E. Clark in fee, while in the succeeding clause of the will, which creates the interest which is the present subject of controversy, the testator directs that the remaining portion of his estate ''shall be equally divided among the said Edward M. Hatcher, Henry C. Hatcher, and Sarah E. Clark, or their heirs, respectively, upon which final division the said Edward M. Hatcher and Sarah E. Clark shall account to the said Henry C. Hatcher for one-third part of the real estate herein devised to them respectively, the value thereof to be estimated as of the date of which they may come in possession of the same.''. The purpose of the testator is perfectly obvious. Edward M. Hatcher, Sarah E. Clark and Henry C. Hatcher were equally the objects of his bounty. He intended to create

among them perfect equality; and having given to Edward M. Hatcher and Sarah E. Clark, absolutely, the real estate fronting upon Craghead street, he directs that in the final division of his estate they shall account to Henry C. Hatcher; or, in other words, bring into hotchpot with him the property so devised to them, in order that the equality between them might be established or restored.

If, however, the construction contended for by the appellees be the true one, then Edward M. Hatcher would take one-half of the devise to himself and Sarah E. Clark and his heirs would take one-third of the devise in the latter clause of the will, the effect of which would be to diminish the interest of Henry C. Hatcher, and thereby to thwart the manifest intention of the testator. It seems to us that the will created a vested remainder in Edward M. Hatcher, which took effect immediately upon the death of the testator, but the full enjoyment of which was postponed until the death of the first taker, Maria Updegraff.

We are therefore of opinion that the decree complained of is erroneous, and must be reversed.

REVERSED.