Statement.

| 99 | 709 |
|-----|-----|
| 101 | 578 |

## Richmond.

### LANTZ V. MASSIE'S EXECUTRIX.

#### NOVEMBER 21, 1901.

1. ESTATES—*Vested Remainder Defeasible by Condition Subsequent.*—A remainder so limited as to have a present capacity of taking effect in possession of a person in *esse* and ascertained, immediately upon the termination of the particular estate, is vested. And the fact that such a remainder is so limited that it may be divested, either in whole or in part, by reason of a condition subsequent, will not prevent it from being a vested remainder.

2. WILLS—*Case in Judgment—Vested Remainder—Sale by Life Tenant Under Act of February 18, 1898.*—A testator devised realty to his wife "to have and to hold during her natural life, and then to be divided among my children by will or otherwise, as she may deem best and right."

    *Held:* 1. The devise created a vested remainder in the children of the testator living at his death, the words "then to be divided"' relating merely to the time of the enjoyment of the estate, and not to the time of the vesting of the interest. The character of the remainder is not affected by the power of appointment.

    2. A sale of the land devised may be decreed upon the suit of the life tenant under act of March 18, 1898.

Appeal from a decree of the Circuit Court of Frederick county, pronounced December 1, 1899, in a chancery cause therein pending in the name of *Massie's Executrix v. Massie & Others*, in which appellant became a party by the purchase of certain lands set forth in said suit.

                                       *Reversed.*

*J. P. Whitacre*, for the appellant.

*Harry R. Kearn* and *John M. Steck*, for the appellee.

KEITH, P., delivered the opinion of the court.

The will of Thomas W. Massie contains the following provision: "I will and bequeath to my beloved wife, Elizabeth Virginia Massie, all of my estate of every description, real, personal and mixed, to have and to hold during her natural life, and then to be divided among my children by will or otherwise, as she may deem best and right," and appoints his wife sole executrix.

In March, 1899, the executrix filed her bill as life tenant, setting forth the above quotation, stating that the land was depreciating in value and that the interest of her children would be promoted by its sale and the re-investment of the proceeds thereof; that she believed $1,000 to be a fair price for the land, and that one Josiah Lantz had offered that amount upon the terms of one-third cash and the balance in one and two years, with interest, secured by deed of trust. Depositions were taken in support of the bill, and decree was rendered at the March term, 1899, accepting the offer of Lantz, authorizing conveyances to be made to him, and directing the proceeds of sale to be invested.

At a subsequent term, the court "being of opinion that Elizabeth V. Massie, the plaintiff in the bill, had no right to institute this suit in her own name to sell the land devised to her and her children by the last will and testament of T. W. Massie, deceased, as set forth in the record in this suit, but that such suit, if brought at all, should have been brought in the name of the guardian of the infant defendant, William Massie, and that the court has not jurisdiction in this suit to sell said land. On consideration whereof the court doth adjudge, order, and decree (of its own motion) that this suit be dismissed at the costs of the plaintiff, Elizabeth V. Massie. But the dismissal of this suit is not to prejudice in any way the right of said Josiah Lantz to take such steps as he may be advised to assert any rights that he may have against the parties to this suit, or any one or more

of them, by reason of any of the matters set forth in the papers of this suit."

There were other proceedings in the case, but this statement presents the facts sufficiently for our present purpose.

By an act passed February 18, 1898, Acts 1897-8, p. 404, it is provided that "When an estate, real or personal, is given by deed or will to any person for his life or the life of another, with vested remainder to another, whether the remainderman be an infant or adult, it shall be lawful for the circuit and corporation courts, or such court having jurisdiction of the subject matter, upon a bill filed by the person holding the estate for life, in which bill all persons interested shall be made defendants, to decree a sale of such estate, real or personal, and to invest the proceeds of sale under the decree of the court for the use and benefit of the person holding the estate, subject to the limitations of the deed or will creating the estate; provided, however, that the bill of the plaintiff shall set forth the facts which, in his opinion, would justify the sale of the said estate, to be verified by the affidavit of the party; and provided, further, that sections twenty-four hundred and thirty-three, twenty-four hundred and thirty-four, and twenty-four hundred and thirty-five of the Code of Virginia shall apply to the proceedings upon said bill."

The Circuit Court was of opinion that this statute did not apply, because the will of T. W. Massie created a contingent and not a vested remainder in his children.

"A vested remainder is a remainder limited to a certain person and on a certain event, so as to possess a present capacity to take effect in possession should the possession become vacant."

"The present capacity to take effect in possession if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." Fearne's Remainders, 215; 2 Minor Inst., 337; *Crews* v. *Hatcher*, 91 Va., at page 381.

"Courts always favor the vesting of estates, and therefore in doubtful cases, lean in favor of construing language as creating vested rather than contingent remainders." *Crews* v. *Hatcher, supra.*

"There is indeed nothing better settled than that all devises are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated in the will." *Chapman* v. *Chapman,* 90 Va., 411.

"When a remainder is limited to a person *in esse* and ascertained, to take effect by express limitation, on the termination of the preceding particular estate, the remainder is unquestionably vested." Preston, Estates, 70.

This rule is thus stated with more fullness by the Supreme Court of New York: "Where a remainder is limited to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is *in esse* and ascertained, provided nothing but his own death before the determination of the particular estate, will prevent such remainder from vesting in possession; yet, if the estate is limited over to another in the event of the death of the remainderman before the determination of the particular estate, his vested estate will be subject to be devested by that event, and the interest of the substituted remainderman which was before either an executory devise or a contingent remainder, will, if he is *in esse* and ascertained, be immediately converted into a vested remainder." *Moore* v. *Lyons,* 25 Wend, 119; *Blanchard* v. *Blanchard,* 1 Allen, 227.

In 4th Kent's Com., 282, it is said: "This has now become the settled technical construction of the language and the established English rule of construction." *Doe* v. *Prigg,* 8 Barn. & C., 231. It is added: "It is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders

a remainder contingent. The present capacity of taking effect in possession—if the possession were to become vacant—distinguishes a vested from a contingent remainder, and not the certainty that the possession will ever become vacant while the remainder continues." *Williamson* v. *Field*, 2 Sandf. Ch., 533.

In *Myers* v. *Adler* (Supreme Court District of Columbia), 6 Mackey 515, 1 L. R. A., 432, 435, it is said: " The test of a vested remainder is its present capacity to take effect in possession whenever the prior estate shall determine; that is, if the remainderman has the right in case of a sudden determination of the prior estate, immediately to go in and take possession, the remainder is vested."

"Applying that test to the present case. At any time during the widow's life, if she had suddenly died, the trustees could have entered into possession. Their remainder was therefore vested. A remainder is none the less vested because it is liable to be devested or destroyed. For example, if an estate be limited to A for life, remainder to such uses as B shall appoint, and, in default of such appointment, remainder to C, the remainder to C would be vested, because at any moment when A should die C would be entitled, at once, to enter into possession, but it would be simply subject to be devested by the exercise of the power of appointment. So, also, if an estate be limited to one for life and remainder over to his children, present and future, the present children have a vested remainder, liable to be devested *pro tanto* in favor of the afterborn children. Nor does the liability of the particular estate to be defeated by a breach of the condition subsequent make the remainder any the less a vested remainder."

The law does not favor the abeyance of estates, and never allows it to arise by construction or implication. Com. Dig. Abeyance, A. E.; *Catlin* v. *Jackson*, 8 Johns., 549; *Ekins* v. *Dormer*, 3 Atk., 534; *Crews* v. *Hatcher, supra.*

The devise under consideration to the wife, Elizabeth V.

Massie, for life, "and then to be divided among my children or otherwise as she may deem best," comes within the definition and illustration of vested remainders. There would clearly seem to be a present capacity upon the part of the children living at the death of the testator to take at the instant that the life estate terminated, and the words, "then to be divided," relate merely to the time of the enjoyment of the estate, and not the time of the vesting in interest. *Poor* v. *Considine*, 6 Wallace, 458.

It may be stated, as a conclusion from the authorities on this subject, that a remainder will be considered as vested, although the instrument by which it is created gives to a trustee a power whose exercise may destroy the interest, and although the contingency that is to cause the divestiture is within control of the particular tenant. *Rogers* v. *Rogers*, 11 R. I. 38; *Moore* v. *Weaver*, 16 Gray 305; *Bennett* v. *Garlock*, 79 N. Y. 302; *Shattuck* v. *Stedman*, 2 Pick. 468; *Poor* v. *Considine*, *Supra*; *Moore* v. *Lyons*, *Supra*; *Chew's Appeal*, 37 Penn. St., p. 23.

Having reached the conclusion that the will creates a vested remainder in the children living at the death of the testator, the case is within the statute of February, 1898, and it follows that the Circuit Court erred in dismissing the suit.

The record is not in a condition to justify our passing upon the merits of the controversy, and we will therefore remand the case to be further proceeded in by the Circuit Court.

*Reversed.*