6965

## GIBBES MACHINERY CO. v. JOHNSON.

CONSTRUCTION OF CONTRACT—DAMAGES FOR BREACH—PROFITS.—If the context of a contract demands the word "and" to be construed "or" in order to give effect to the evident intention of the parties, it will be so held. Here the word "and" construed to mean "or" in this provision of a contract: "This agreement shall not be countermanded without the written consent of the said party of the first part *and* upon such terms as will indemnify the said party of the first part against loss of profits * * * Upon countermand by second party, without consent of first, he may recover profits as damages." It seems the profits in such case could have been recovered as damages without an express agreement.

Before GAGE, J., Laurens, Spring term, 1907.   Affirmed.

Action by Gibbes Machinery Company against S. H. & M. E. Johnson.   From judgment for plaintiff, defendants appeal.

*Messrs Cannon & Blackwell* and *Richey & Richey*, for appellants, cite: *Duty of seller in this case upon refusal of buyer to accept:* 2 Benj. on Sales, 773.   *Measure of damages:* 10 S. C., 91; 34 S. C., 508; 68 S. C., 367; 66 S. C., 61.

*Messrs. Dial & Todd,* contra, cite: *Measure of damages:* 25 S. C., 70; 66 S. C., 61; *Hadley* v. *Baxendale, 9* Ex.; 204 Pa., 556; 1 Pa. Su. Ct., 458; 44 L. Ed., (U. S.), 951; 14 Id., 157; 71 N. Y., 133; 31 L. Ed. (U. S.), 479; 7 Cush., 516; 5 L. R. A., 493; 70 S. C., 16; 139 U. S., 199; 13 Cyc., 159; 116 Tenn., 128; 35 Cal., 229; 3 Page on Contracts, sec. 1591.

July 22, 1908.   The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, as a result of a breach of contract, on the part of the defendant.

The complaint alleges:

"That on the 27th of April, 1906, the plaintiff and defendant entered into an agreement, whereby the plaintiff contracted to sell, and the defendants agreed to buy, certain machinery, to be delivered at Erie, Pa., and at Charlotte, N. C., on or about the 15th of July, 1906, to be shipped to defendants at Laurens, S. C.

"That the contract herein stated between plaintiff and defendants required that the machinery therein specified and contracted for should be specially prepared and arranged, to conform to the conditions of the premises of the defendants, and to fully meet with their requirements and needs. And in compliance with the terms of the said contract the plaintiff, after the execution of same, duly entered upon the work of arranging and preparing the machinery for the defendants, in accordance with the specifications, and did so arrange and prepare the same.

"That the plaintiff, in compliance with the contract, shipped to the defendants a large portion of the machinery referred to therein, and sent them bills of lading for said shipments, which the defendants, on or about the 24th of July, 1906, returned to the plaintiff, refusing to accept the machinery, and otherwise carry out, upon their part, the terms of the contract.

"That the plaintiff was at all times ready and willing and prepared to carry out and perform on his part all the said terms and conditions of the contract, and as aforesaid performed as fully as possible upon his part the said contract, and would have completed the performance of same but for the acts and conduct of defendants in breaching the said contract, and refusing to accept the machinery and otherwise comply with the contract.

"That by reason of the refusal of the defendants to accept said machinery shipped to them as aforesaid, and in breach-

ing the said contract, the plaintiff has been damaged in the sum of five hundred dollars."

The defendants, after denying certain allegations of the complaint, alleged: "That the machinery, which they agreed in said contract to purchase from the said plaintiff, was reasonably worth the said contract price for same at the time and place same was to have been delivered; and the defendants further allege, that after the defendants countermanded their order for said machinery and refused to accept same, that the plaintiff appropriated the machinery to his own use."

At the conclusion of the plaintiff's testimony, the defendants made a motion for a nonsuit, which was refused.

The plaintiff then made a motion for his Honor, the presiding Judge, to direct a verdict in the sum of three hundred and ninety-three dollars, which was granted, and the jury so instructed.

The defendants also made a motion for a new trial on the minutes of the Court, which was refused.

The defendants appealed upon several exceptions, which depend upon the single question whether the plaintiff was entitled to profits for the breach of the contract by the defendants.

In determining this question, it will be necessary to construe the seventh clause of the contract, which is as follows:

"And it is understood that no agreement, verbal or otherwise, exists in regard hereto, other than what is herein expressly set forth, and that this agreement shall not be countermanded without the written consent of the said party of the first part, and upon such terms as will indemnify the said party of the first part against loss of profits, expenses and any other costs incurred."

It is a well settled rule that when the construction to be given a contract is rendered doubtful by the language thereof, the interpretation which the parties have placed upon its language is entitled to great weight. *Williamson* v. *Association,* 54 S. C., 582, 32 S. E., 765.

On the 29th of May, 1906, the defendants wrote the following letter to the plaintiff: "Another party in this community has bought a ginning outfit, and we now believe that we will be forced to do a cut-throat business if we invest in a ginning system, because this territory will not sustain two outfits. * * * *We now countermand our order* for machinery and request that you *do not ship us anything.*"

To this letter the plaintiff replied on the 2d of June, as follows: "* * * There are two ways in which the contract can be carried out, one is to have us ship the machinery, and the other is per article 7 of contract, which you will note in copy sent you. Of course, it is for you to say in which of these two ways the contract shall be carried out, but we will have to ask that it be carried out in one of these two ways."

The plaintiff's construction of the contract can be made effectual by simply changing the word "and," between the words "part" and "upon," into the word "or," so that it will read: "This agreement shall not be countermanded without the written consent of the said party of the first part, *or* upon such terms as will indemnify the said party of the first part against loss of profits, expenses and any other loss incurred."

Unless this change is made the words after and including the word "and" are meaningless, as they confer no right which is not embraced in the words "without the written consent of the party of the first part," which give the plaintiff the right to withhold its consent, upon *any* terms it may see fit.

If the context demands that the word "and" should be construed "or" in order to give effect to the intention of the parties, it will be so declared.

There is great difficulty in many cases in determining whether a disjunctive interpretation shall be imposed on the word *and,* or a conjunctive interpretation put on the word *or,* or whether these words should be left to their natural meaning and effect. The decisions are not uniform, and do

not appear generally to be governed by principle.    This is wrong.

"Where there is nothing in the will to raise a contrary persuasion, the safest as well as the justest course is to assume that testators intend their words to be taken in their common and natural sense.  *  *  *  But where there is something to be inferred from the context of the will, something to guide us in the nature of the right, about which the particular clause under consideration treats, or where there is a clear, general intention which a literal construction of the particular clause would contradict or defeat, it would be not only unjust, but a gross violation of the true principles of decision to disregard these indices of intention and execute the will literally, according to its inaccurate terms.    This would be little better than entrapping the testator by mere word-catching."    *Shand* v. *Rogers,* 7 Rich. Eq., 422 ; *Massey* v. *Davenport,* 23 S. C., 453.

For these reasons the word "and" should be changed to "or."

The plaintiff, under the terms of the contract, would have received its profits if the defendants had complied with their part of the agreement.    They could not, by a breach of the contract, deprive the plaintiff of these profits, as no one shall be allowed to take advantage of his own wrong.

Again, the law strives to place the parties as near as possible in the situation they would have occupied if there had not been a breach of the contract; and, in this case, even if there had not been an express agreement, it would seem that the profits were recoverable, as they were not conjectural and could have been calculated by merely ascertaining the cost of the machinery and the price which was to be paid for it by the defendants.    *Hays* v. *Tel. Co.,* 70 S. C., 16, 48 S. E., 736 ; 67 L. R. A., 481.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.