# CHARLESTON.

BLAND *et al.* v. DAVISSON *et al.*

Submitted January 25, 1916.   Decided February 8, 1916.

1. WILLS—*Construction—Life Estate—Vesting of Remainder.*

S. by his will bequeathed all his property, real and personal, to his widow during her life time, and then provided, that "At the death of my widow, Drusilla Sherwood, then let the estate be divided into five equal shares, as follows:— * * * and one equal share to my grandson Charles M. Cowan, or the children of his body." *Held:* That the widow takes a life estate, and that Charles M. Cowan having died intestate after the death of the testator and before the widow, without children, took a vested remainder of one-fifth of the estate, which passed by descent to his heirs; that the words "at the death of my widow * * * then let the estate be divided" relates to the time of the enjoyment of the estate and not to the time of the vesting in interest; and that the remainder vested at the time of the death of the testator. (p. 559).

2. PARTIES—*Pleading.*

Where a bill in chancery shows that a person not a party is materially interested in the subject in controversy, it is demurrable for want of proper parties, but if such person appears and files a petition and asks to be made a party defendant and to answer the bill, the plaintiff should amend his bill, make the petitioner a party, and make such allegations in the amended bill against him as would authorize the court to decree against him, if proper to do so. Process should be issued and served on the defendants to answer the amended bill, unless waived. Such proceedings would cure defects in the original bill for want of parties. (p. 562).

Appeal from Circuit Court, Doddridge County.

Suit by G. W. Bland and others against Mary Davisson and others. From decree for plaintiffs, defendants B. W. Cowan and the administrator of Charles M. Cowan appeal.

*Reversed and remanded.*

*G. W. Farr,* and *C. N. Matheny,* for appellants.

*A. F. McCue* and *J. V. Blair,* for appellees.

MASON, JUDGE:

S. T. Sherwood died April 14, 1900, testate. By his will he left all his property, both real and personal, to his widow, "so long as she may live." The second paragraph of the will reads: "At the death of my widow, Drusilla Sherwood, then let the estate be divided into five equal shares." Among the five persons named who are to take one-fifth each, is Charles M. Cowan, the language of the will relating to him being, "And one equal share to my grandson Charles M. Cowan or the children of his dody."

In August 1908 Charles M. Cowan died intestate and unmarried, leaving no children. His father, B. W. Cowan, became the only heir at law. On the 11th day of December, 1913, Drusilla Sherwood, widow of S. T. Sherwood, died. At the death of the said widow the life estate terminated, and the time fixed by the will for the division of the estate arrived.

All the persons interested in the estate of S. T. Sherwood, except B. W. Cowan and the administrator of Charles M. Cowan, contend that Charles M. Cowan took nothing by this will except a contingent remainder, which was defeated by the death of the life tenant. They have notified the plaintiffs not to pay anything to the administrator or heirs of Charles M. Cowen. B. W. Cowan, the heir at law of Charles M. Cowan, deceased, demands one-fifth of the estate, and threatens to bring suit for his demand. The executors of S. T. Sherwood, being in doubt as to the proper disposition of the funds in their hands, instituted this suit seeking the advice and aid of the court in the settlement of their accounts, and ask for a construction of so much of the will as applies to Charles M. Cowan. The plaintiffs say that "they do not

know whether or not Charles M. Cowan's interest and estate in and to that of S. T. Sherwood was contingent or vested, or whether or not he ever had any interest therein which could descent to B. W. Cowan under and by virtue of the laws of descent and distribution of West Virginia. And plaintiffs say that they do not know who is correct in the contention above set forth", and not knowing what course to pursue, ask the direction of the court.

B. W. Cowan and the administrator of Charles M. Cowan, appear, answer, and demur. They claim title to one-fifth of the estate. The bill is taken for confessed as to the other defendants.

The circuit court entered a decree that B. W. Cowan is not entitled to any share of the estate mentioned and described in the proceedings in the cause under the will, and referred the cause to a commissioner for the settlement of the executor's accounts. Upon appeal from that decree to this court, the construction of the following clause of the will of S. T. Sherwood, "and one equal share to my grandson, Charles M. Cowan, or the children of his body", is made necessary.

By the first paragraph of the will a life estate was created, to continue so long as the widow should live. Charles M. Cowan died intestate, without children, after the death of the testator, but pending the life estate. By the second clause of the will, the estate was to be divided at the death of the widow. The use and possession of the estate of all the devisees, except the widow, commenced in futuro—that is, they were not entitled to possession until the death of the widow. The language of the will is, "At the death of my widow, Drusilla Sherwood, then let the estate be divided into five equal shares." The will declares who is to have the estate, but defers the division until the death of the widow. The contention of B. W. Cowan is, that by the will his son took a vested remainder, while the other devisees claim that he took only a contingent remainder, which was defeated by the death of Charles M. Cowan, without children, before the termination of the particular estate.

The testator owned the property in fee, and by his will he carved out of the fee a life estate, and then disposed of the remainder. The widow was to have the life estate, and the

remaindermen were clearly and plainly designated. The division of the estate was to take place at the death of the widow. That is to say, that at that time, the remaindermen were to come into the possession and enjoyment of their estates. This would be true even if the will had not so declared, because the life estate then ended, and the title of the remaindermen became perfect, and they were entitled to possession. But it is contended that Charles M. Cowan's interest depended on his being alive at the death of the widow, or, if dead, leaving children; and, that he died and left no children, and as a consequence he took nothing under the will. This depends upon whether the remainder vested at the time of the death of the testator, or was contingent.

"A vested remainder is a remainder limited to a certain person, and on a certain event, so as to possess a present capacity to take effect in possession, should the possession become vacant." 2 Minor's Inst. (2nd ed.) 337. "Vested remainders, or remainders executed, are those by which a present vested interest passes to the party, though to be enjoyed in future; and by which the estate is invariably fixed to remain to a determined person after the particular estate is spent." *Diehl* v. *Cotts,* 48 W. Va. 255. The first syllabus in the above case explains fully what is meant by vested remainders: "A deed conveying 'in trust for the sole and separate use and benefit of Susan E. Cotts during her natural life, and upon her death the said property shall be equally divided among the children of said Isaac Cotts and Susan E. Cotts, his wife,' creates a life estate in Susan E. Cotts, and a remainder in such children, vested in both cases at once on the execution of the deed, and such remainder does not await the death of Susan E. Cotts to vest." "The present capacity to take effect in possession if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." Fearne's Remainders, 215; quoted in *Lantz* v. *Massie,* 99 Va. 709. A contingent remainder is defined by Mr. Minor as follows: "A contingent remainder is a remainder limited to an uncertain person, or on an uncertain event, or so limited to a certain person, and on a certain event,

as not to possess the present capacity to take effect in possession, should the possession become vacant.'' 2 Minor's Inst. (2nd ed.) 337. ''Courts always favor the vesting of estates, and therefore in doubtful cases, lean in favor of construing language as creating vested rather than contingent remainders.'' *Crews* v. *Hatcher,* 91 Va. 381; quoted in *Lantz* v. *Massie, supra.* ''There is indeed nothing better settled than that all devises are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated in the will.'' *Chapman* v. *Chapman,* 90 Va. 411; quoted in *Lantz* v. *Massie, supra.* ''When a remainder is limited to a person *in esse* and ascertained, to take effect by express limitation, on the termination of the preceding particular estate, the remainder is unquestionably vested.'' Preston, Estates, 70; quoted in *Lantz* v. *Massie, supra.* ''A testator devised realty to his wife 'to have and to hold during her natural life, and then to be divided among her children by will or otherwise, as she may deem best and right.' *Held:* The devise created a vested remainder in the children of the testator living at his death, the words 'then to be divided' relating merely to the time of the enjoyment of the estate, and not to the time of the vesting of the interest. The character of the remainder is not affected by the power of appointment.'' *Lantz* v. *Massie, supra.*

Applying these tests to the present case, we shall see that if at any time during the widow's life she had died suddenly, Charles M. Cowan or his heirs could have entered into possession. The estate passed at the time of the death of the testator, and not at the time of the death of the widow. The words, ''Then let the estate be divided'', relate merely to the time of the enjoyment of the estate, and not to the time of vesting in interest. *Lantz* v. *Massie, supra.* ''Adverbs of time * * * in a devise of a remainder, are construed to relate merely to the time of the enjoyment of the estate, and not to the time of the vesting in interest.'' Doe, Lessee of *Poor* v. *Considine,* 6 Wallace 475. We are of opinion, both upon authority and principle, that Charles M. Cowan took a vested remainder in this estate at the death of the testator, which passed by descent to his heirs, and that the circuit court erred in holding that he took no estate under the will.

The personal representative of Charles M. Cowan was not made a party to the suit. The bill shows that he was an indispensible party; and for that reason the bill was demurrable. In an attempt to correct this defect in the pleadings, G. W. Farr, administrator of said Cowan, filed a petition and answer, and asked to be made a party. There is no formal order making the administrator a party, and none amending the bill, but the final decree recites that the administrator filed his answer, that the plaintiff replied generally, and that the cause was heard upon the bill, answers, and replications thereto.

When the petition was tendered and leave asked to make the administrator a party defendant, and to answer, and it appeared that he was a proper party, the bill should have been amended making the administrator a party with such allegations in the bill against him, that the court might render a binding decree against him if necessary or proper to do so. Process should have been awarded against the defendants to answer the amended bill, and have been served unless service was waived. These are technical errors affecting the proceedings, which the parties seem anxious to correct, and to have the cause heard on its merits; and inasmuch as the decree will have to be reversed for further proceedings to be had for reasons hereinbefore stated, when the cause is again in the circuit court, the plaintiffs should amend their bill, and by a formal order make G. W. Farr, administrator of the estate of Charles M. Cowan, a party, and mature the cause upon the amended bill. Before the cause proceeds further in the circuit court, a guardian ad litem shuld be appointed for Everett Sherwood, who is an infant, and such guardian ad litem should be required to answer the bill.

The decree is reversed, and the cause is remanded to the circuit court for further proceedings to be had therein.

NOTE:

Upon petition for re-hearing of this case, our attention has been called to the case of *Schaeffer* v. *Schaeffer,* 54 W. Va. 681, and complaint is made that the court overlooked this case, in deciding the present case. Reference was not made to the Schaeffer case for the reason that it was not believed that the cases were similar. It will be observed that the will

in the Schaeffer case gives to the widow the power to sell some of the real estate and consume the proceeds, and what was left was disposed of. It could not be then known what would remain until the death of the widow. In the case at bar the title vested at the death of the testator; and the time for taking possession was postponed until the death of the widow.

*Reversed and remanded.*