### 11795

### WOOD v. WOOD *ET AL.*

#### (128 S. E., 837)

1. Wills—After-Born Children of Life Tenant Held to Take no Interest as Purchasers by Implication.—Under will devising land to testator's son for life, and proceeds, at his death without children surviving, to his wife and his brother and sister or their heirs, children afterward born to him would take no interest as purchasers by implication.

2. Wills—Remaindermen Held to Take Vested Interests, Conveyances of Which to Life Tenant Barred After-Born Heirs Living at Grantee's Death; "or."—Under will bequeathing proceeds of sale of land after death of life tenant without children surviving his wife, if living, and his brother and sister or their heirs, and, if wife predeceased him, to such brother and sister or their heirs only, remaindermen took vested estates on testator's death, and quit-claimed deed by brother and sister to life tenant and wife barred grantor's after-born heirs living at life tenant's death; "or" being used as "and," if necessary to carry out testator's intent.

3. Wills—Early Vesting of Estates and Construction of Remainders as Vested Favored.—Law favors early vesting of estates and construction of remainders as vested rather than contingent.

4. Conversion—Estoppel—Wills—Remainder in Realty or Proceeds After Death of Life Tenant Held to Vest in Life Tenant Under Deed From Remaindermen; Deeds From Remaindermen to

LIFE TENANT UNDER WILL HELD TO OPERATE AS ESTOPPEL, THOUGH INTERESTS CONVEYED WERE IN PERSONALTY.—Under will devising land to testator's son for life and proceeds of sale thereof, at his death without surviving children, to his brother and sister or their heirs, and to his wife, if living, testator died intestate as to remainder, in case life tenant had any children surviving, while, if he has none, remainder became personalty by equitable conversion, and vested absolutely in life tenant's wife, brother, and sister at testator's death, so that deeds from brother and sister to life tenant and his wife conveyed fee simple title in either case; such conveyances operating as estoppel, though interests conveyed were in personalty.

Before MAULDIN, J., Greenville, January, 1925. Affirmed.

Action by David W. Wood against Sarah Addie Wood and others. Decree for plaintiff and defendants appeal.

*Messrs. Charles & Beaty* and *T. H. Munro,* for appellants, cite: *Equitable conversion:* 5 Rich. Eq., 202.

*Messrs. Nettles & Oxner* for respondent.

July 2, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The following is the report of E. Inman, Esq., master:

The Master, to whom this case was referred to take and report the testimony, together with his conclusions of law and fact, with leave to report any special matter, begs leave to report that he has taken the testimony, which is herewith attached, and finds as his conclusions of law· and fact as follows:

This action was instituted for the purpose of having the will of John W. Wood construed so far as it pertains to 40 or 50 acres of land near the city of Greenville, and of having the title thereto adjudged by the Court as being vested in the plaintiff and John H. Honour, who purchased a portion of said property from the plaintiff and his wife.

The facts pertinent to a proper consideration of the issues are as follows: John W. Wood, father of plaintiff, departed this life on December 28, 1897, leaving his last will and testament, over the construction of which this controversy

arises. The will is contained in the testimony. Item 3 thereof, which the Court is asked to construe, and which covers the property above described, is as follows:

"Third. I give, bequeath and devise to my son David W. Wood that part of my farm on which he, the said David W. Wood, now lives joining lands of H. C. Markley and Jack Elija, and bounded on one side by the Lowndes Hill road, extending back to a row of pear trees near a well, and containing between forty and fifty acres of land, during his life, and at his death if he have no surviving legitimate children, the land to be sold and one-third of proceeds to be paid to his wife is she be living, and remaining two-thirds to my son William T. and Caladonia B., my daughter, or their heirs. In case of death of wife of David W. before his demise, then at his death the land to be sold and proceeds divided between my living children the said William T. and Caladonia B. or their heirs."

This will was duly admitted to probate, the executor therein named duly qualified, administered upon the personal estate, and in 1907 made his final return, and was discharged at that time by the Probate Court for Greenville County.

The plaintiff is named as the life tenant in said item of said will above referred to. In 1914 William T. Wood and Caladonia Baker, brother and sister of plaintiff, in order to give plaintiff and his wife fee simple title to said premises, executed and delivered to plaintiff their deed in the usual form whereby they conveyed to the plaintiff all their right, title, and interest to said premises. Plaintiff was advised that with this conveyance he and his wife acquired fee simple title thereto. In 1916 plaintiff and his wife sold 20 acres from said tract to John Henry Honour, and executed general warranty deed to the portion sold.

The testator at the time said will was executed and the time of his death had only three children living. The testator had six children in all, three of whom predeceased him, leaving no children. The three children living at the

time of the execution of said will and at the time of the death of testator were W. T. Wood, Caladonia Baker, and plaintiff. Testator's wife predeceased him. All three of these children are named in item 3 of said will. One of said children, W. T. Wood, died in 1920, leaving surviving him as his heirs at law his wife, Sara Addie Wood, and two children, namely, Virginia Wood Wade and Cola Wood. Cola Wood died about two years ago, leaving no children surviving, and as her heirs at law her husband, Robert Burroughs, her mother, Sarah Addie Wood, and her sister, Virginia Wood Wade. Caladonia Baker, the remaining child of testator other than plaintiff, is still living, her husband being now dead, and said Caladonia Baker has only one child now living, Jessie Baker Thompson, the deceased children of Caladonia Baker leaving no children. Plaintiff never had any children.

All the defendants executed a quitclaim deed to the plaintiff shortly before the commencement of this action, said deed including an assignment of any interest which said defendants now have or may hereafter acquire in the proceeds from the sale of said property. I find, therefore, that plaintiff has acquired the interest of all the heirs of testator now living as well as the interest of the heirs of the deceased son, W. T. Wood.

Plaintiff contends that under the proper construction of said will that the only parties acquiring any interest in the premises were plaintiff and his brother, W. T. Wood, and sister, Caladonia Baker, and plaintiff's wife, Sallie Wood, and that, plaintiff having acquired the interests of these parties, he now owns said property in fee simple.

Defendants, while conceding that plaintiff has acquired whatever interest they have, contend that plaintiff has not good title to said premises for the reasons: (1) That any children hereafter born to plaintiff (plaintiff never having had any children) would take an interest in said premises by implication under item 3 of said will; (2) that it is not

certain as to who will  be the heirs of W. T. Wood and Caladonia Baker (if she shall predecease plaintiff) living at the time of the death of plaintiff, and any conveyance by the present heirs would not bar those, if any, hereafter born and living at the death of plaintiff; (3) that said will provides that said premises should be sold upon the death of plaintiff, and that the only interest which W. T. Wood and Caladonia Baker or their heirs acquired under said will was in the proceeds from sale of said premises, and having no interest in said land, could convey none, and their acts in making said conveyances, if upheld, would defeat the scheme of said will and intentions of testator.

I shall take up the contentions of defendants in the order hereinabove set out. I do not think any children which plaintiff may hereafter have would take any interest as purchasers under the terms of said will.

In *Shaw et al. v. Erwin et al.,* 41 S. C., 209; 19 S. E., 499, the Court held that under a will devising land to one and providing that should he die, leaving no child or children, it is to go to another; that the first takes a fee, and his children do not take as purchasers by implication. Also the case of *Manigault et al. v. Holmes,* Bailey Eq., 298, is to the same effect, and this case is cited in *Shaw v. Erwin, supra.*

In *Lawrence et al. v. Burnett et al.,* 109 S. C., 416; 96 S. E., 144, the Court said:

"In the granting clause, a life estate only is given to Simeon in express terms, coupled with a provision that, if he should die without a child, the land should revert. No disposition is made of the remainder if Simeon should die with a child, and there is no direct provision for the child, if any; and it is well settled that, in such a case, the child cannot take as a purchaser by implication. *Manigault v. Deas' Adm'rs,* Bailey Eq., 298. The giving of an express life estate to Simeon, coupled with the condition that, if he die without child, the land should revert, negatives the intention that Simeon and his child or children were to take

in indefinite succession, though an intention to benefit the child or children, if any, may be implied."

Applying the principles laid down in the foregoing cases, I find that there is no estate by implication to the children, if there be any, of plaintiff.

The second contention of defendants is based upon the assumption that the estate given after the life estate does not vest until the death of the life tenant, and therefore, Caladonia Baker, W. T. Wood, and plaintiff's wife have no vested estate, and those who are to take will be determined as of the time of the death of the life tenant, who is the plaintiff, and consequently it is impossible at this time to foretell who such may be. I do not think this was the intention of the testator, and such a construction is not supported by the weight of authority.

In *Chapman v. Chapman,* 90 Va., 409; 18 S. E., 913, we find a case almost identical with the case at bar. The following portion of the opinion states the question which was before the Court:

" 'It is my wish and desire that all of my estate, both real and personal, which I have not heretofore disposed of, I loan to my wife, Elizabeth Chapman, during her natural life; and my wish is that the property I have loaned to her, after her death, both real and personal, should be sold by my executors, and the money arising from the sale should be equally divided among my four children above named, or their lawful heirs begotten of their bodies.' One of the children, James E. Chapman, assigned his interest, and died before the life tenant. The question, therefore, is whether the gift to the children under the sixth clause of the will vested immediately, or was postponed to the death of the life tenant."

After reviewing the authorities, the Court held that this provision vested the gift to the children immediately so that the assignment made by one of the children during the widow's life was valid. The Court held that to effectuate

the intent of the will "or" should be read as "and," and give
to the word "heirs" its usual and legal signification.

To the same effect is *Crews v. Hatcher et al.*, 91 Va., 378,
21 S. E., 811. In this case the devise was to testator's wife
for life, and at her death the property to be equally divided
among three devisees there named "or their heirs." One of
the devisees died after the testator and before the wife, and it
was held that said devisee's estate vested at the testator's
death the words "or their heirs" being the same as "and their
heirs."

The said principle was applied in the following cases:
*Bland v. Davidson*, 77 W. Va., 557; 88 S. E., 1021; 94 S.
E. 539; *Williams v. Williams*, 91 Ky., 547; 16 S. W., 361;
*Miller v. Gilbert*, 144 N. Y., 658; 38 N. E., 979.

In the last named case testator gave his wife certain land
during widowhood, and on her death directed that it be sold
and the proceeds divided equally among his four sons named
"or" their heirs. The Court held that the estate vested in the
sons on testator's death. In construing the meaning of "or,"
the Court said:

"It is also urged by the appellants' counsel that the words
'or their heirs,' in the clause of the will under consideration,
disclose the intention to substitute a deceased son's issue for
the son himself in case the latter died at any time before the
widow. It is difficult to say what was in the mind of this
illiterate testator when he employed these words. He may
have improperly deemed them essential in framing an abso-
lute devise to the sons. 2 Rev. St., p. 66, § 52. It is quite
inconceivable that he supposed the words created a substi-
tutionary bequest or devise in the event of the death of a
son before his mother, but it may more reasonably be as-
sumed they were ignorantly used. It is a case where the
Court might well substitute 'and' for 'or.'"

A full discussion of this principle is found in note of 48
Am. Dec., 570.

The cases in this State are to the effect that, if necessary

in the construction of a will to carry out the intention of the testator, "or" will be used as "and."

In *Waller v. Ward*, 2 Speers, 786, the testator bequeathed to his son the use of negroes "to him and the lawful issue of his body forever," and in a subsequent clause provided that, "if any of my children before named should die under age or without leaving lawful issue of their body, the legacy bequeathed unto them and property given to them be equally divided among my surviving children under the same restrictions and regulations as are specified in their respective bequests." It was held that the word "or" in the subsequent clause must be construed "and," and that, the legatee having attained the age of 21 years, his estate became absolute.

In the case of *Gibbes Machinery Co. v. Johnson*, 81 S. C., 10; 61 S. E., 1027, in construing a contract in order to carry out the intentions of the parties, the Court construed "or" as "and." This was also done in construing a will in *Massey v. Davenport*, 23 S. C., 453.

A careful reading of the will in question indicates that the testator intended that Caladonia Baker and W. T. Wood should take a vested interest upon testator's death, if plaintiff died without issue. These children and the plaintiff were the natural objects of his bounty, and certainly he would prefer for them to take rather than their indefinite heirs who would be such at the death of plaintiff, if they should predecease plaintiff. In making the gift in the item of his will in question, the testator made a distinction between plaintiff's wife and W. T. Wood and Caladonia Baker. As to the wife of plaintiff, he only intended for her to take in the event she survived plaintiff, and he distinctly said so, and provided for this contingency by limitation over W. T. Wood and Caladonia Baker. It is to be noted that he made no provision for the contingency of these two children predeceasing plaintiff, and, if he intended for their heirs to take as purchasers in the event of such a contingency, he would have said so. He made his intentions clear in the case of plaintiff's wife,

and he would have done so in the case of the two children, if he had not intended that the gift should vest directly and immediately in them at his death.

The law favors the early vesting of estates, and that remainders be construed as vested rather than contingent, and, if defendant's contentions were upheld, the remainder would be contingent and the vesting of the estates deferred.

Having reached the conclusion that any children which may be born to plaintiff (although plaintiff and his wife being more than 60 years of age, such is unlikely to happen) would not take by implication, I conclude that, if plaintiff had any children, under said will plaintiff obtained a life estate, and testator died intestate as to the remainder, which upon his death vested in plaintiff and the other two children, and, having obtained deeds to their interests, plaintiff now owns the fee.

I further conclude that, if plaintiff has no children, under said will plaintiff obtained a life estate, and that the remainder under the doctrine of equitable conversion became personalty, which vested absolutely in plaintiff's wife, W. T. Wood, and Caladonia Baker at the death of testator, and, plaintiff having acquired deeds from W. T. Wood and Caladonia Baker in 1914 and from his wife shortly before the commencement of this action, that plaintiff acquired fee simple title to said premises. Although the interests so conveyed to plaintiff were in personalty, said conveyances would operate as an estoppel so as to vest good title. The case of *Ellison v. Mattison,* 112 S. C., 183; 98 S. E., 840, clearly indicates that such would be the effect. The will in that case had almost the same provision as in the case at law. It was as follows:

" 'The residue of my estate, real and personal, I give and bequeath to my beloved wife, Nancy A. Johnson, to be hers during her natural life or widowhood, and at her death or marriage then the said realty and personalty to be sold and

equally divided among my children, and having an eye in such division and settlement to the advances I have already made to them, which advances are hereinafter stated to date. As well shall an eye be had to advances after the date hereof in said division and settlement. Furthermore I desire that the portion of my estate that may fall to my daughters, N. Caroline Mattison and Mary A. E. Ellison, to be theirs during their lifetime and then to their children, respectively, forever.' "

There, as here, some of the children conveyed their interests before death of life tenant, and as to the effect of this the Court said:

"It is true the deed to Lewis was signed also by the four children other than himself and that act would manifestly estop Willis and Lara (two of the other children) to make any further claim to land or money, and they have made none, and it would also estop Caroline and Mary to make any further claim for themselves."

I therefore conclude that in any event plaintiff under said will and conveyances has acquired good fee simple title to said premises and now has same, subject, of course, to the portion which has been sold to John H. Honour.

I recommend that the prayer of the complaint be granted. The costs in this case should be taxed against the plaintiff.

To this report exceptions, seven in number, were taken by the defendants, all of which, in effect, allege error in different form, on the part of the Master, in holding that the plaintiff, under the will and conveyances referred to, has acquired a good fee simple tittle to the premises.

The case came on for a hearing before his Honor, Judge Mauldin, who overruled all of the exceptions to the master's report, and in all respects confirmed the report and made it the judgment of the Circuit Court, and adjudged that the plaintiff, under the will and conveyances referred to in the case, acquired a good fee simple title to the premises in question, and now has same, except so much of the premises

as has been sold to John H. Honour, and holding that the defendants and those claiming under them had no interest, present or future in the premises.

From the decree of his Honor, Judge Mauldin, the defendants appealed, reiterating and renewing the exceptions which were made to the report of the Master.

This Court is satisfied with the statements, reasoning, and conclusions reached by the Master and confirmed by the Circuit Court.

Further statement than that contained in the report of the Master is unnecessary. The exceptions are overruled, and the decree of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.