# Richmond.

STANLEY AND OTHERS v. STANLEY'S ADM'R AND OTHERS.

FEBRUARY 6, 1896.

Absent, Cardwell, J.*

1. WILLS—*Construction of—Bequest to A for Life, Remainder to A's Children.*—A testator, by his will, says: "I give and bequeath to Mary L. Stanley the interest that may accrue on one-fourth part of my money, bonds, and securities that I may die possessed of, during the period of her natural life, and at her death I give and bequeath this one-fourth part of my money, bonds, and securities, from which the said Mary L. Stanley is to derive the accruing interest for her life, to the children of Mary L. Stanley, to be equally divided."

*Held :*

> The children *living at the death of the testator* take remainders in the principal, after the death of Mary L. Stanley, in absolute estate, share and share alike, and upon the death of any of them in the lifetime of the life tenant, the share of the deceased child passes to his or her personal representative, for the payment of debts and for distribution.

Appeal from a decree of the Circuit Court of Hanover county, pronounced April 26, 1893, in a suit in chancery wherein the appellee, Wm. J. Leake, administrator with the will of Eliza A. Stanley, deceased, annexed, was the complainant, and the appellants and others were the defendants.

*Affirmed.*

This was a suit in chancery brought by Wm. J. Leake, ad-

* Judge Cardwell had been counsel in the Circuit Court.

ministrator with the will of Eliza A. Stanley, deceased, annexed, against the devisees and legatees, heirs and distributees of the said Eliza A. Stanley, praying a construction of the will of the testatrix, and that her estate be administered under the order of the court.

*Cardwell & Cardwell*, for appellants.

*Leake & Carter*, for appellees.

HARRISON, J., delivered the opinion of the court.

The question presented by the petition for appeal in this case is the construction of the fourth and fifth clauses of the will of Eliza A. Stanley.

The fifth clause is as follows: "I give and bequeath to Mary L. Stanley the interest that may accrue on one-fourth part of my money, bonds, and securities that I may die possessed of, during the period of her natural life, and at her death I give and bequeath this one-fourth part of my money, bonds, and securities, from which the said Mary L. Stanley is to derive the accruing interest for her life, to the children of Mary L. Stanley, to be equally divided."

The fourth clause is in terms the same as the fifth, just quoted, except that Clarinda W. Hendrick is named as the life tenant, and her children as the remaindermen.

When Eliza A. Stanley, the testatrix, died, Clarinda W. Hendrick had six children, all of whom were living when this suit was instituted. At the time of the testatrix's death Mary L. Stanley had three children, but when this suit was brought she had only one, the other two having died in infancy, between the death of the testatrix and the institution of this suit.

The learned judge of the Circuit Court held that, under the

sixth clause of this will, Mary L. Stanley took an estate for her life in the money, bonds, and securities mentioned, and her children living at the death of Eliza A. Stanley, the testatrix, took the remainder in the principal in absolute estate, share and share alike, and, upon the death of any of said children in the lifetime of the life tenant, Mary L. Stanley, the share of such deceased child passed to said child's personal representative, for the payment of debts and distribution. This construction is sustained by the highest authority. Jarman on Wills (5th Amer. ed.), p. 421, note 7, and pp. 444–5; *Strother* v. *Dutton*, De Gex & Jones 675; *Stone* v. *Lewis*, 84 Va. 474.

The foregoing rule of construction also applies to Clarinda W. Hendrick and her children, under the fourth clause of the will.

The decision of the Circuit Court is right, and the decree appealed from is affirmed.

*Affirmed.*