## Richmond.

McComb v. McComb.

March 9, 1899.

Absent, Cardwell, J.

1. Wills—*Vesting of Estates.*—All devises and bequests are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated by the will.

2. Wills—*Case in Judgment—Vested Remainders.*—A testator, by his will, gave to each of his four daughters during their respective lives one sixth part of the residue of his estate, and declared : "At the respective death of my four daughters  *  *  I will and bequeath that what each shall receive under this provision of my will shall pass and belong absolutely to their respective children."

Held : The children took vested remainders in the property given to their respective mothers for life.

Appeal from a decree of the Circuit Court of Louisa county pronounced January 14, 1898, in a suit in chancery wherein the appellant, Nellie H. McComb, and others were the complainants, and the other appellants were the defendants.

*Affirmed.*

The opinion states the case.

*John Hunter, Jr.,* for the appellant.

*R. L. Gordon, Jr.,* and *Jackson Guy,* for the appellees.

Buchanan, J., delivered the opinion of the court.

John Hunter bequeathed certain property to his daughter, Mrs. Quarles, for life with remainder to her children. The question involved on this appeal is the time when that remainder vested, whether at the death of the testator or not until the death of their mother, the life-tenant.

The clause of the will in question is as follows:

" I will and bequeath that the balance of my estate of every kind and description, not already disposed of by this will, and the proceeds of the sales of the lands just above directed to be sold by my executors, be divided into six equal parts, after the payment of all my just debts; and I give and bequeath said parts as follows:

" One sixth to Ellen V. Quarles, one sixth to Isabella P. Chiles, one sixth to Juliana Norris, one sixth to Alice M. Chandler, during their respective lives, one-sixth to John Hunter, Jr., and the remaining sixth part to the children of my deceased daughter, Sarah G. Kent, living at the time of my death, and to the descendants or descendant of any that may have died leaving issue, such to take what its deceased parent would have taken if alive.

"At the respective death of my four daughters first above named, to-wit: Ellen V. Quarles, Isabella P. Chiles, Juliana Norris, and Alice M. Chandler, I will and bequeath that what each shall receive under this provision of my will shall pass and belong absolutely to their respective children and to the decendants or descendant of any that may have died leaving issue, such to take what its deceased parent would have taken if alive, and my will is that the Richmond city bonds hereinbefore given to my said four daughters last named shall pass and be disposed of in precisely the same way as has just been provided in reference to what my said four daughters will receive under this residuary clause of my will."

The settled rule of interpretation in this State is that all devises and bequests are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is

clearly indicated by the will. *Crews* v. *Hatcher*, 91 Va. 378;
*Stanley* v. *Stanley*, 92 Va. 534; *Cheatham* v. *Gower*, 94 Va. at
p. 386. There is nothing in the language of the clause
quoted, when read alone, or in connection with the other pro-
visions of the will, which shows any special intention that the
remainder given should vest at the death of the life-tenant.
On the contrary, it appears to us that a different intention is
manifest. The will shows that it was written by or with the
advice of some one skilled in the law and in the use of legal
terms. In prior clauses of the will the testator, after giving to
his daughters, Mrs. Chiles and Mrs. Chandler, respectively,
certain property for life, gives the remainder at the death
of the life-tenants to *their* " *children then living* and to the
descendants or descendant of any that may have died leaving
issue, such to take what its parent would have taken if
alive," * * * thus manifesting his intention that the
remainder should not vest until the death of the life-tenant.

In the devise to Mrs. Chiles the testator gives a tract of land
to her " for and during her natural life, and at her death said
tract of land is to *pass and belong in fee-simple to her children
then living.*" * * * * * * * * * * *

In the bequest under consideration the language giving the
remainder is, " I will and bequeath that what each " (life-
tenant) " shall receive under this provision of my will shall
*pass and belong absolutely to their respective children.*" * * *

The language by which the testator disposed of the remain-
der in each case is substantially the same except that in the
latter the words " then living " are omitted, and the word
" absolutely " is substituted for the term " in fee-simple." It
is evident why the word " absolutely " was substituted for the
term " in fee-simple." The former is the word by which the
largest estate in personal property is best expressed, and the
latter is the usual and technical term for a like estate in real
property.

But no reasonable explanation has, or can be, given why the
words " then living " were omitted in the bequest except that

it was intended that the remainder should vest at the death of the testator, and not at the death of the life-tenants. It cannot be presumed that the testator did not know of their legal effect in fixing the time when the remainders should vest. They were as necessary in the one as in the other if his intention was that the remainders in both should vest at the life-tenants' death.

We are of opinion that the children of Mrs. Quarles took a vested remainder in the property bequeathed to her by the clause of the will under consideration. The Circuit Court having so held, its decree must be affirmed.

*Affirmed.*