# Richmond.

NEILSON AND OTHERS V. BRETT AND OTHERS.

NOVEMBER 21, 1901.

1. REMAINDERS—*Vested.*—The law favors the vesting of estates, and where there is a devise or bequest of property, which is not to be enjoyed in possession until some future period or event, it will, where no special intent to the contrary is manifested by the will, be construed as vesting in interest immediately on the death of the testator, rather than as contingent upon the condition of things which may exist at the period of payment or distribution.

2. ESTATES—*Descendants—Children.*—The word "descendants" is more comprehensive than "children." The former embraces the latter, and a devise to "descendants by stocks" includes all persons who would be included in a devise to "children and descendants by stocks."

3. REMAINDERS—*Period of Vesting.*—The general rule is that where a testator creates a particular estate, and then goes on to dispose of the ulterior interest, expressly in an event which will determine the prior estate, the words descriptive of such event, occurring in the latter devise, will be construed as referring merely to the period of determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting.

4. REMAINDERS—*Case in Judgment—Vested Remainder—Interest in Income.*—A testator by his will, amongst other things, declares: "In the division of my estate, as above required, the share falling to my son, William W. Donaghe, shall be held by my executors in trust for the joint use and benefit of my said son and his wife and children. It being my purpose to provide a home for the family during the life of my said son and his wife, and of the survivor of them, and at the death of the last survivor to divide the trust fund among their descendants by stocks. It is my desire that my executors, as trustees of this fund, shall have the largest discretion as to the investment of the principal from time to time, and as to

the application of the income or use of the property, having in view always the preservation of the principal fund in such manner as in their judgment will best promote the comfort, respectability and happiness of my said son and his family."

Shortly after the testator died, William W. Donaghe died, leaving a widow and four children. The widow is still living. One of his children died intestate, unmarried and without issue, and another died, and by her will devised and bequeathed to appellant the share received by her under the above will.

*Held*:

1. The share in the remainder of the daughter who died intestate, unmarried and without issue, passed, under the laws of descents and distribution, to her mother, brother, and sisters in equal parts.

2. Appellant's testatrix took a vested interest in the remainder under the will first above mentioned, which she had the right to devise and bequeath to appellant.

3. Upon the death of appellant's testatrix, her share of the income subsequently accruing on the trust fund ceased, and no part thereof passed by her will to the appellant.

Appeal from a decree of the Circuit Court of Augusta county pronounced June 27, 1900, in a suit in chancery under the style of *Donaghe's Ex'or v. Donaghe and others*, in which appellants, Kate C. Neilson, in her own right and as executrix in New York of Mary B. Gaunt and N. C. Watts, Sheriff of Augusta county, and as such administrator in Virginia with the will of said Mary B. Gaunt, filed their petition.

*Reversed.*

The opinion states the case.

*Ranson & Ranson*, for the appellants.

*R. P. Bell* and *W. H. Landes*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The questions presented by petition for appeal in this case involve the construction of the fifth clause of the will of W. W. Donaghe, Sr. By the third clause he directs that his estate, subject to the provisions of the first and second clauses, be divided

equally among his five children; the children of a deceased daughter taking the share of their mother.

The fourth and fifth clauses are as follows:

"Fourth. The share falling in such division to my daughter, Anne E. Gray, shall be held by my executors in trust for her sole and separate use so long as she may live, and shall be free from the debts, contracts, or control of her husband; at the death of my said daughter, Anne, the trust fund shall pass to and be divided among her children and descendants by stocks.

"Fifth. In the division of my estate as above required, the share falling to my son, William W. Donaghe, shall be held by my executors in trust for the joint use and benefit of my said son and his wife and children, it being my purpose to provide a home for the family during the life of my said son and his wife, and of the survivor of them, and at the death of the last survivor, to divide the trust fund among their descendants by stocks. It is my desire that my executors, as trustees of this fund, shall have the largest discretion as to the investment of the principal from time to time, and as to the application of the income or use of the property, having in view always the preservation of the principal fund, in such manner as in their judgment will best promote the comfort, respectability, and happiness of my said son and his family."

W. W. Donaghe, Jr., died intestate shortly after his father, leaving a widow and four children, none of whom were married at that time. Subsequently the home was broken up and the family scattered; the widow married again and is still living; one daughter has been married twice and is still living; another died intestate and without issue; his only son is dead, leaving issue; and his other daughter, Mrs. Gaunt, was twice married and recently died in the State of New York without issue, leaving a will by which she gave all of her estate to the female appellant.

The Circuit Court held that, under the fifth clause of the will,

the estate given in trust being limited to the joint use of W. W. Donaghe, Jr., and his wife and children during the lives of himself and wife and the survivor of them, and at the death of the survivor to be divided among their descendants by stocks, the appellant's testatrix, one of the descendants of W. W. Donaghe, Jr., and his wife, took an interest in the remainder of the said trust fund contingent upon her surviving both her father and mother, and that she having departed this life without issue during her mother's life, said interest did not vest, but ceased and determined at her death, so that the female appellant took no part of the said trust fund under the will of her testatrix.

The appellant insists that her testatrix took a vested and not a contingent remainder. This is the first question to be decided.

The law favors the vesting of estates, and where there is a devise or bequest of property, which is not to be enjoyed in possession until some future period or event, it will, where no special intent to the contrary is manifested by the will, be construed as vesting in interest immediately on the death of the testator, rather than as contingent upon the condition of things which may exist at the period of payment or distribution. *Corbin* v. *Mills*, 19 Gratt., 472; *McCombe* v. *McCombe*, 96 Va., 779.

Governed by this rule of construction, what is there in the will under consideration which clearly manifests an intent that the estate in remainder disposed of by the fifth clause should not vest until the death of the surviving life tenant?

The language of the fourth clause disposing of the trust fund in which Mrs. Anne Gray was given a life estate is that, "at the death of my said daughter, Anne, the trust fund shall pass to and be divided among her children and descendants by stocks." This the court held gave a vested and not a contingent remainder. The correctness of that construction does not seem to be controverted, and under the authorities we do not think it could be successfully done. See *Brent* v. *Washington*, 18 Gratt., 526, 528-9.

The testator, after providing in the fifth clause that the share falling to his son, William W. Donaghe, should be held by his executors in trust for the joint use and benefit of his said son and his wife and children, declared that it was his purpose to provide a home for the family during the life of his said son and his wife and of the survivor of them, and "at the death of the last survivor to divide the trust fund among their descendants by stocks," omitting immediately preceding the word "descendants," the words "children and," used in disposing of the remainder in the fourth clause.

This omission, it is argued, manifests an intent on the part of the testator and the draftsman of the will to describe a different class of persons as remaindermen from those named in the fourth clause, and to fix a different time for the vesting of the remainder. So far as the vesting of the remainder is concerned, is there any real difference in the two clauses? The words, "children" and "descendants" are not synonymous as is argued, but the word "descendants" includes children; comprises issue of every degree. 2 Jarman on Wills, 98. So that a devise or bequest of a remainder to the life tenants' "descendants by stocks," would embrace all persons included in a like bequest or devise to the life tenants' "children and descendants by stocks," and so far as we can see, do not in themselves manifest an intent that the remainder should vest at the death of the life tenant rather than at the death of the testator.

The life tenants' "descendants by stocks," so far as they were in being, could be as easily ascertained at the death of the testator as could their "children and descendants by stocks."

Persons who constitute the "heirs" or "distributees" of a life tenant cannot be ascertained until death, for the living have neither heirs nor distributees, and therefore in a devise or bequest to A for life, with remainder to his "heirs" or "distributees," the remainder cannot of necessity vest before the life tenant's death. But this is not so in the case of a remainder to his "chil-

dren and descendants by stocks," or with a remainder to his "descendants by stocks."

Neither does the provision that the trust fund should be divided among the remaindermen "at the death of the last survivor" manifest such intent. Substantially the same language is used in the fourth clause of the will, which, as we have seen, was properly held to give a vested remainder. The general rule is that where a testator creates a particular estate and then goes on to dispose of the ulterior interest, expressly in an event which will determine the prior estate, the words descriptive of such event, occurring in the latter devise, will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting. 1 Jar. on Wills (5th ed. Bigelow), side page 779.

Neither does the provision in the clause in question, which gives the executors the largest discretion as to the investment of the principal of the trust fund and the application of the income or use of the property, having in view always the preservation of the principal of the fund, have any bearing, as it seems to us, as to the time the remainder should vest. The executors were required to hold the fund during the life of the son and wife and the survivor of them, and then to distribute it according to the terms of the trust. The discretion given the executors as to investing the principal for its preservation was equally wise and proper, whether the remainder vested at the death of the testator or at the death of the surviving life tenant.

It seems to us that if it was the intention of the testator that the remainder should not vest until the period for distributing the principal among the remaindermen, so learned a lawyer and so skillful a draftsman as the draftsman of the will is conceded to have been, would not have left that intent to have been manifested by evidences so inclusive as those relied on, but would have declared it by language which would have made it clear.

Opinion.

We are of opinion, therefore, that the remainder vested at the death of the testator, and that the appellant's testatrix was entitled to one-fourth part thereof.

Mrs. Snow, one of the daughters of William Donaghe, Jr., and wife, having died after the testator, unmarried, intestate and without issue, her interest in the remainder passed, according to the statute of descents and distributions, to her mother, brother and sisters, one-fourth thereof to each.

We are further of opinion that upon the death of Mrs. Gaunt her interest in the income subsequently accruing upon the trust fund ceased, and that no part thereof passed by her will. Whether the court erred in decreeing that one-third of the income from the trust fund should be paid to Henry D. Donaghe, a grandson of W. W. Donaghe, Jr., and his wife, is wholly immaterial to the appellants. They are not entitled to any part thereof, and the parties in interest are not appealing.

We are of opinion that the decrees complained of, in so far as they are in conflict with this opinion, should be reversed, and the cause remanded for further proceedings in accordance therewith.

*Reversed.*