# Richmond.

FRENCH v. LOGAN'S ADMINISTRATOR AND OTHERS.

March 12, 1908.

Absent, Keith, P.

1. WILLS—*Construction—Vested Remainders—Future Enjoyment.*—The law favors the vesting of estates, and where a bequest or devise is made, and the property is not to be enjoyed in possession until some future period or event, it will, where no special intent to the contrary is manifested in the will, be held to be vested in interest immediately on the death of the testator, rather than contingent upon the state of things which may happen to exist at the period when the legatees or devisees are entitled to the possession of the property given.

2. WILLS—*Construction—Case in Judgment—Devise to A for Life, Remainder to Her Issue—Vested Remainder.*—Under a devise of land to a trustee to hold in trust for the benefit of a married woman for and during her natural life and "at her death to be divided among her issue according to the statute of descents and distributions" of the State of Virginia, the children of the life tenant, who are her only issue, take vested interests in remainder at the death of the testator.

Appeal from a decree of the Circuit Court of Halifax county. Decree for complainants.  Defendant appeals.

*Affirmed.*

The opinion states the case.

*Wood Bouldin,* for the appellant.

*Henry Edmunds, Jas. H. Guthrie* and *Harrison & Leigh,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit is to subject an interest in lands which the appellant, C. R. French, became entitled to under the will of William Logan, Sr., to the payment of certain judgments rendered against the former, prior to his adjudication as a bankrupt and the death of his mother, Mrs. Bettie H. French, who had a life estate in the land.

The circuit court held that the interest of the appellant in the land was liable, and ordered it to be subjected to the payment of the liens asserted by the complainants. From that decree this appeal was granted.

It is not contended that the decree appealed from is erroneous if the court properly construed a provision in the 7th clause of the will of William Logan, Sr., who died in the year 1876. That provision is as follows:

"I further direct that all property and money given in this will to Bettie H. French, or accruing to her from any of its provisions, shall be vested in William Logan, Jr., as trustee, to be held by him in trust for her benefit, free from the debts or control of her husband, for and during her natural life, at her death to be divided among her issue according to the statute of descents and distribution" of the State of Virginia.

At the time of the testator's death, Bettie H. French had five living children. She died in the year 1905, her said children surviving her. She had two other children, one of whom died during the life of the testator, and the other after his death, unmarried and without issue.

The contention of the appellant is that his mother took an estate for life in the property devised and bequeathed to her in trust, with contingent interests in remainder to such of her issue as were living at her death. The contention of the appellees is that the remainder vested at the death of the testator, subject to the life estate of the life tenant.

It is a familiar principle, that the law favors the vesting of estates, and where a bequest or devise is made and the property is not to be enjoyed in possession until some future period or event, it will, where no special intent to the contrary is manifested in the will, be held to be vested in interest immediately on the death of the testator, rather than contingent upon the state of things which may happen to exist at the period when the legatees or devisees are entitled to the possession of the property given. *Brent* v. *Washington's Admr.,* 18 Gratt. 526; *Corbin* v. *Mills,* 19 Gratt. 438, 472; *McCombe* v. *McCombe,* 96 Va. 779, 30 S. E. 450; *Neilson* v. *Brett,* 99 Va. 673, 40 S. E. 32; *Allison* v. *Allison,* 101 Va. 537, 44 S. E. 904, 63 L. R. A. 920.

The question, therefore, in this case is whether any special intent is manifested in the will that the property in remainder after Mrs. French's death should vest only at her death in her issue, according to the statute of descents and distribution.

It is conceded, and if it were not it is clear, that if the testator had used the word "children" instead of the word "issue" in the provision under consideration, the property in remainder would have vested at the death of the testator. *Brent* v. *Washington, &c., supra.* It is also clear that if he had used the word "descendants" instead of "issue" the estate would have vested at the death of the testator, under the decision of the court in *Neilson* v. *Brett, supra.*

In the last-named case the executors were directed to hold the property for the joint use and benefit of the testator's son, "and his wife and children, it being the testator's purpose to provide a home for the family during the life of my said son and his wife and of the survivor of them, and at the death of the last survivor of them, to divide the trust fund among their descendants by stocks." That language, it was held, did not in itself manifest an intent that the remainder should vest at the death of the surviving life tenant, rather than at the death of the testator. It was also held, citing 2 Jarman on Wills, 98,

that while the words "children" and "descendants" were not synonymous, "descendants" includes "children"—comprises issue of every degree.

If a remainder given to the life tenant's "descendants by stocks" vests at the testator's death, it is difficult to see why a remainder to "her issue according to the statute of descents and distribution" does not do so. The remaindermen are as easily ascertained at the death of the testator in the latter case as in the former. There is not only nothing in the language of the provision in itself which manifests a special intent that the remainder should not vest until the life tenant's death, but when that language is considered in connection with that used in the first part of the same clause of the will, it is reasonably clear that he did not so intend. It is there provided that "the remainder of my estate of every kind, being personal estate, I direct after the payment of my debts and administration expenses shall be divided in two equal parts, of which one shall be divided among all the heirs and distributees of my deceased brother, Richard Logan" (Mrs. French's father) "including those before mentioned, according to the statute of descents and distributions of the State of Virginia, the other half among the heirs and distributees of my deceased brother, John S. Logan, according to the same statute * * * " If he had intended that the remainder interest in the property in which Mrs. French had a life estate should not vest until her death, no more appropriate language could have been used to accomplish that object than that used in disposing of the residuum of his estate, viz.: that at her death it should "be divided among her *heirs and distributees* according to the statutes of descent and distribution." But he did not use the same language. He substituted the word "issue" for "heirs and distributees." The draftsman of the will was not unskilled in the law, and there must have been some reason for the substitution. The only reasonable explanation that can be given for it is that a different object was to be accomplished; for it is not probable that if he

had the same object in view he would have discarded words which had a well defined meaning and the use of which would have accomplished his purpose beyond all question, and substituted for them a word which renders the meaning of the provision ambiguous at least if it does not manifest a different intent.

The court is of opinion that the circuit court correctly construed the provision in the will of the testator under which the appellant holds the property sought to be subjected in this case, and that its decree must be affirmed.

*Affirmed.*