# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓

BESSIE W. BOYD, ET AL. v. ELIZABETH BOYD FANELLI, ET AL.

September 6, 1957.

Record No. 4680.

Present, All the Justices.

The opinion states the case.

*Stuart L. Craig* (*Rutledge C. Clement; Clement, Conway & Winston*, on brief), for the appellants.

*C. Stuart Wheatley* (*Garrett & Wheatley*, on brief), for the appellees.

MILLER, J., delivered the opinion of the court.

The executors of the will of Mary B. Dibrell, who died April 11, 1955, brought suit for the purpose of having her will and a codicil thereto construed.

Testatrix had two brothers and three sisters, Samuel H. Boyd, a brother of the whole blood, and Robert R. Boyd, Bessie W. Boyd, Margaret P. Boyd and Sallie Boyd Hubbard, brother and sisters respectively of the half blood. When her will and codicil were executed, her brother and sisters of the half blood were living, but Samuel H. Boyd had died, leaving several children. Sallie Boyd Hubbard predeceased testatrix, and she also left several children. When testatrix died, she left surviving Robert R. Boyd, Bessie W. Boyd and Margaret P. Boyd as her closest blood kin, and she also left several nieces and nephews of the whole and half blood, being the children of Samuel H. Boyd and of Sallie Boyd Hubbard. The record does not indicate that Robert R. Boyd has any issue or is married.

Some specific bequests were made in the will and by the codicil, but they are not material to the question to be decided. In the several paragraphs of Item 6 testatrix disposed of all the rest and residue of her estate in five equal shares. She left one-fifth of the residue in trust for her sister, Sallie Boyd Hubbard, during her lifetime (with right in the trustees to invade the principal), with remainder to her issue or their descendants *per stirpes;* another one-fifth share was left in trust for Lizzie Settle Boyd, widow of Samuel H. Boyd for her lifetime with remainder to be equally divided among the children of Samuel H. Boyd; and a one-fifth share was left outright to Bessie W. Boyd and Margaret P. Boyd each; these dispositions were made in paragraphs A, B, D, and E of Item 6 of the will. The other one-fifth share was left under paragraph C of Item 6 in trust for Robert R. Boyd during his lifetime with direction that the income therefrom be paid by the trustees to him "so long as he lives, and that at his death the principal of said fund shall pass to my next of kin, *per capita.*" Paragraph C follows:

"I give another share (being one-fifth of the residuum of my estate which passes under this paragraph of my will) to The First National Bank of Danville, Danville, Virginia, and Bessie W. Boyd, as Trustees, to be held, managed and controlled by them, for the use and benefit of my brother, Robert R. Boyd, during his lifetime, and direct that the income from this share be paid over to my said brother so long as he lives, *and that at his death the principal of said fund shall pass to my next of kin, per capita.* If the annual income from this share should not be adequate for the comfortable support and maintenance of my said brother, said trustees are authorized and directed in their discretion, to use so much of the principal or corpus of this share as they may think necessary to adequately provide therefor. Neither the corpus of said trust fund, nor the income therefrom, shall be subject to any liabilities of my said brother, or to alienation by him; it being my intention to secure this trust for the protection of my brother during his lifetime to the full extent authorized and permitted by the statute law of Virginia, so that the same shall not be liable for any debts or obligations heretofore or hereafter contracted by him." (Emphasis added.)

The sole question presented is: Are those who qualify under the phrase "and that at his death the principal of said fund shall pass to my next of kin, *per capita*" to be determined as of testatrix' death or as of the death of Robert R. Boyd, the life tenant?

The trial court held that testatrix intended that those who qualify as "my next of kin, *per capita*" were to be determined as of Robert R. Boyd's death, and thus the remainder did not vest at testatrix' death but would vest at the death of Robert R. Boyd, the life tenant.

The final decree provided that those entitled to receive the principal of the trust established in paragraph C that remained in the hands of the trustees at the death of Robert R. Boyd were the "nearest of kin of Mary B. Dibrell who shall survive at the death of Robert R. Boyd, so that if defendants, Bessie W. Boyd and Margaret P. Boyd, or the survivor, shall outlive their brother, Robert R. Boyd, they, or the survivor of them, then being the nearest of kin of Mary B. Dibrell" should receive the remainder of the trust estate. In the event that neither Bessie W. nor Margaret P. Boyd survived Robert R. Boyd, then the decree provided that the children of Samuel H. Boyd (testatrix' nieces and nephews of the full blood) who should survive Robert R. Boyd were to be the recipients of the trust principal. The several children of Sallie Boyd Hubbard, deceased, who

are testatrix' nieces and nephews of the half blood were not mentioned or referred to in the decree. However, in argument at bar, the failure to mention or refer to them in the decree was said to have been an oversight.

In construing a will the object is to ascertain and determine what the testator meant by what he said in the will. "If the meaning of the words is plain, there is no room for construction." *Chavis* v. *Myrick*, 190 Va. 875, 58 S. E. 2d 881; *Conrad* v. *Conrad's Executor*, 123 Va. 711, 97 S. E. 336.

If testatrix' intent be ascertainable from the language used in the will, then that intent must be given effect. In determining her intention the whole of the will should be considered, and if possible, effect given to all of its provisions unless the thereby expressed intention violates some principle of law or is against public policy.

"* * * In construing a will the intention must be ascertained from the words used by the testator, considered in the light of the language of the entire will and the circumstances surrounding the testator when he made his will." *Weiss, Executrix, etc.* v. *Soto, State Tax Comm'r., etc.*, (W. Va.), 98 S. E. 2d 727, 736.

"* * * In ascertaining this intention the language used, and the sense in which it is used by the testator, is the primary source of information, as it is the expressed intention of the testator which is sought.

"Isolated clauses · or sentences are not to be considered by themselves, but the will is to be considered as a whole, and its different clauses and provisions examined and compared so as to ascertain the general plan and purpose of the testator, if there be one. * * *" *Conrad* v. *Conrad's Executor, supra*, at 716.

The law favors early vesting of estates. *French* v. *Logan's Administrator, et al.*, 108 Va. 67, 60 S. E. 622; *Chapman* v. *Chapman*, 90 Va. 409, 18 S. E. 913; *Crews' Administrator* v. *Hatcher, et al.*, 91 Va. 378, 21 S. E. 811; *James* v. *Peoples National Bank*, 178 Va. 398, 17 S. E. 2d 387.

"Devises and bequests are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated by the will." 20 M. J., Wills, § 122, p. 323. *Commonwealth* v. *Wellford*, 114 Va. 372, 76 S. E. 917; *Chapman* v. *Chapman, supra; American National Bank, etc., Co.* v. *Herndon*, 181 Va. 17, 23 S. E. 2d 768; *Disney* v. *Wilson*, 190 Va. 445, 57 S. E. 2d 144. However, if it appears from the language of the will that testator

intended that the vesting of an estate be deferred to a time or event subsequent to his death, that intent must be given effect. *Walton* v. *Melton*, 184 Va. 111, 34 S. E. 2d 129; 20 M. J., Wills, § 123, p. 327. Canons or rules of construction are not to be resorted to when the testator's intent may be readily ascertained from the language of the will. 20 M. J., Wills, § 75, p. 241.

In construing the will to determine whether it was the intent of the testatrix that the remainder vest upon her death or upon the death of the life tenant, it must be kept in mind that paragraph C sets up a spendthrift trust. Though the trustees were authorized to use so much of the principal as might be necessary for the comfortable support and maintenance of Robert R. Boyd, yet whether or not the use of such principal was necessary was left to the sole discretion of the trustees. Provision was made that neither the corpus nor the income should be subject to any liabilities of Robert R. Boyd, nor "to alienation by him."

This provision is inconsistent with the idea that testator intended that the remainder vest upon her death for had her two sisters, Bessie W. and Margaret P. Boyd, predeceased her as did her sister, Sallie Boyd Hubbard, then in that event Robert R. Boyd would have been her closest blood kin and the sole beneficiary of the remainder estate. As it is, if that construction be given to the phrase in question, he is now an owner of the remainder, along with his two living sisters. An anomalous situation would exist if the beneficiary under the spendthrift trust who now receives the income for life (and for whom the trustees may invade the corpus) is, as appellants contend, also the owner of a vested interest in one-third of the remainder of the corpus of the trust estate, contrary to the purpose expressed in paragraph C.

The foregoing would be true, for it is clear from the will and likewise conceded, that the phrase, "my next of kin," as used by the testatrix means her closest blood kin and does not mean those who would be her heirs or distributees under the statute of descent and distribution.

It is significant that the two shares mentioned in paragraphs D and E, which testator left to her maiden sisters, were given to them absolutely, and the share she gave to the family of Samuel H. Boyd, her deceased brother, was left to his widow for life with a vested remainder in his children, and the share given to her married sister, Sallie Boyd Hubbard was left to her for life with vested remainder to her issue or their descendants *per stirpes*. Yet when she disposed of

the other one-fifth share in paragraph C, it was left on a spendthrift trust and on materially different terms.

It is plain that she did not desire that Robert R. Boyd, for whom she had established the spendthrift trust, have any control over the income or corpus of the trust for she so stated. But it being her desire that what was left of the corpus of the trust at his death go to her next of kin, yet not knowing who would be her next of kin at his death, she designated no takers by name. She resorted to a class designation, all members of which would be of the same degree of kinship to her.

The phrase, "and that at his death the principal of said fund shall pass to my next of kin, *per capita*", designates a class, the members of which could not be ascertained until the life tenant's death. In plain language it fixes Robert R. Boyd's death as the time when the corpus of the trust shall pass to the then qualifying members of the class. The phrase used, when considered along with other pertinent parts of the will, makes it quite clear that testatrix intended to defer the vesting of what was left of the corpus of the trust fund until the life tenant's death. At his death it vests in testatrix' then next of kin.

The decree appealed from failed to take into account that testatrix' nieces and nephews of the half-blood, *i.e.*, children of Sallie Boyd Hubbard, deceased, would qualify along with testatrix' nieces and nephews of the whole blood as next of kin should both of testatrix' sisters, Bessie W. and Margaret P. Boyd predecease Robert R. Boyd, and they, or any of them, be then living. Counsel for testatrix' nieces and nephews of the whole blood concede that if Bessie W. and Margaret P. Boyd predecease Robert R. Boyd that the testatrix' nieces and nephews of the half blood would, under the language of the will, share equally with those of the whole blood, and with that we agree. The decree must be modified and amended in that particular. The cause is therefore remanded to the trial court for such further proceedings therein as may be proper and not in conflict with the views herein expressed.

*Amended, modified and remanded.*