Present:  All the Justices

LEROY COLEMAN

v.  Record No. 971833    OPINION BY JUSTICE ELIZABETH B. LACY
                                        June 5, 1998
VERDONDA COLEMAN, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Katie Coleman executed a will in which she gave her daughter Shirleeta a life estate in certain real property. The will further provided that "[u]pon termination of said life estate all the rest residue . . . of my estate I give as follows:  A.  One half in fee simple absolute to my daughter, Ms. Verdonda Coleman.  B.  One half divided equally between [my] daughter, Shirleeta Coleman, and my son Melvin Coleman." Katie Coleman died in 1992.  Shirleeta died intestate in 1994, unmarried and without any children.  Leroy Coleman, Shirleeta's father, was her sole heir at law.  Verdonda and Melvin Coleman filed a petition seeking a determination of the ownership of the remainder interest devised to Shirleeta.

The trial court determined that Shirleeta's interest in the residuary estate was a contingent remainder which lapsed at her death and passed to Melvin and Verdonda under Code § 64.1-65.1.  Shirleeta did not have a vested remainder in her mother's estate, according to the trial court, because Shirleeta did not possess a "present capacity" to take her

residuary interest upon termination of the prior life estate. "[T]he prior life estate could only terminate upon Shirleeta's death; therefore, she could never take her remainder interest because in order for it to come into existence, she had to die."

On appeal, Leroy Coleman asserts that the trial court's determination was in error because it ignores the early vesting rule and is inconsistent with Allison v. Allison, 101 Va. 537, 44 S.E. 904 (1903). We agree and will reverse the decision of the trial court.

The early vesting rule is a firmly established principle of will construction in Virginia. It provides that unless the intention to postpone vesting is clearly indicated in the will, all devises and bequests are to be construed as vesting at the testator's death. Chapman v. Chapman, 90 Va. 409, 411, 18 S.E. 913, 913 (1894). Nothing in Katie Coleman's will indicates any intent to postpone vesting of the remainder interest in the residuary estate. See Crews v. Hatcher, 91 Va. 378, 379, 382, 21 S.E. 811, 812 (1895)("At the death of my [wife], I direct that the remaining portion of my estate shall be equally divided" does not show intent to postpone vesting.) Accordingly, applying the early vesting rule, Shirleeta's interest in the residue of her mother's estate vested at the time of her mother's death.

2

This conclusion is also consistent with Allison, which allowed a life tenant to also own a remainder in the testator's residuary estate. 101 Va. at 540-56, 44 S.E. at 904-10. In that case, the testator left his daughter a life estate and, on her death, the remainder was to be divided among her surviving children. If there were no surviving children, the remainder was to be divided among the testator's "heirs at law." Id. at 540, 44 S.E. at 904-05. Citing a number of English and American cases, Allison held that the testator's "heirs at law" were to be determined at the time of the testator's death, not at the death of the life tenant. Id. at 543-55, 44 S.E. at 906-10. Thus, the life tenant, an heir of the testator at the time of his death, also had a remainder interest in the residual estate which vested in her at the time of the testator's death, subject only to being divested in the event her children survived her. Id. at 542, 556, 44 S.E. at 905, 910. As in Allison, the life tenant here acquired a remainder interest in the testator's residual estate which vested in her at the time of the testator's death.

The trial court's conclusion that a life tenant cannot also own a vested remainder because the life tenant cannot have a "present capacity" to take possession upon termination of the life estate misapplied the distinction between vested

3

and contingent interests.  A vested remainder is an estate in land that presently exists in a definite person, but the actual enjoyment of it is deferred until the termination of a previous estate.  The certainty or uncertainty of the <u>right</u> of enjoyment, not the certainty of <u>actual</u> enjoyment distinguishes vested and contingent interests.  1 Frederick Deane Goodwin Ribble, <u>Minor on Real Property</u> § 709 (2d ed. 1928).  In this case, the right of enjoyment of the residuary estate vested at the testator's death -- only the actual enjoyment of the right was deferred until the termination of the life estate.

For these reasons, the judgment of the trial court is reversed and final judgment will be entered declaring that Shirleeta's one-fourth interest in the residual estate of Katie Coleman vested in her at her mother's death and at Shirleeta's death passed to her sole heir, Leroy Coleman.

<u>Reversed and final judgment.</u>