Present:  All the Justices

VIRGINIA JONES

v.  Record No. 031514      OPINION BY JUSTICE DONALD W. LEMONS
                                    April 23, 2004
TAMMIE L. HILL

FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
James A. Luke, Judge

In this appeal, we consider whether a lien may attach to the vested interest of a remainderman who takes from a life tenant with full power to dispose of the entire corpus of the estate, and whether a creditor may enforce the lien after the death of the life tenant, when the remainderman predeceases the life tenant.

I.  Facts and Proceedings Below

Thomas N. Jones ("Thomas Jones") died in 1993.  He was survived by his wife, Annie K. Jones ("Annie Jones") and five children, among them, Robert Vaiden Jones ("Vaiden Jones"). In Thomas Jones's will, which was not admitted to probate until December 28, 2000, he left to Annie Jones "all of my real and personal estate for life, and, having full confidence in her, I authorize her to use and consume so much of the income, corpus and principal of my estate as she, in her sole discretion, deems necessary for her comfort, maintenance, welfare and support."  He further specified that, "[a]t my wife's death, I give, devise, and bequeath that all my

property, real and personal, be equally divided between all my children."

Vaiden Jones died on December 10, 2000. He was survived by his siblings; his mother, Annie Jones; and his wife, Virginia N. Jones ("Virginia Jones"). Virginia Jones was the sole beneficiary of his will.

Annie Jones died on December 17, 2001. At that time, a parcel of real property in Brunswick County ("the parcel") remained from the property bequeathed by Thomas Jones. Virginia Jones and the surviving children of Annie and Thomas Jones sold the Brunswick County land on July 19, 2002 in order to divide the proceeds equally as instructed in the Thomas Jones will.

Tammie L. Hill ("Hill") had previously obtained a judgment against Vaiden Jones and had previously docketed the judgment in the Circuit Court of Brunswick County. The lien, docketed on August 29, 2000, was in the amount of $10,000 with eight percent interest from April 23, 1993 and costs. Hill sought to enforce her lien against the proceeds of sale from the parcel that was intended for distribution to Virginia Jones, Vaiden Jones's widow.

The purchaser of the Brunswick County land, W. Curtis Outten ("Outten"), filed an interpleader action in the Circuit Court of Brunswick County on October 2, 2002. Outten asserted

2

that both Jones and Hill claimed $12,528.86 of the purchase price of the land.  He asked the trial court to determine the proper distribution of the funds.

The trial court held "that the interest of R. Vaiden Jones, in the real property of which Thomas N. Jones died seized, was a vested interest against which the judgment lien of Tammie Hill attached and accordingly Tammie L. Hill is entitled to the funds in dispute."  Virginia Jones appeals the adverse judgment of the trial court.

## II.  Analysis

On appeal, Virginia Jones asserts that Hill's lien had not attached to the parcel because "Vaiden Jones never became possessed or entitled to the Brunswick Property."  Hill maintains that her lien attached to Vaiden Jones's remainderman's interest in the parcel subject to divestment by Annie Jones during her lifetime.  Because the parcel was not disposed of by Annie Jones there was no divestment and Hill asserts that her lien is valid.

The trial court was correct in its characterization of Vaiden Jones's interest as a remainder subject to divestment. As noted in Minor on Real Property:

> If the words importing contingency are a part
> of the description of the remainderman, the
> remainder is contingent.  If, on the other
> hand, the words of contingency describe an
> event, the happening of which is to take away

from the remainderman an interest, which in the absence of such event he would retain, the remainder is vested subject to be divested.

Frederick D.G. Ribble, Minor on Real Property § 713, at 932 (2d ed. 1928).

To determine when a remainder interest vests we apply the so-called "early vesting rule," which provides that:

where a bequest or devise is made and the property is not to be enjoyed in possession until some future period or event, it will, where no special intent to the contrary is manifested in the will, be held to be vested in interest immediately on the death of the testator, rather than contingent upon the state of things which may happen to exist at the period when the legatees or devisees are entitled to the possession of the property given.

French v. Logan, 108 Va. 67, 69, 60 S.E. 622, 623 (1908). See also Coleman v. Coleman, 256 Va. 64, 66, 500 S.E.2d 507, 508 (1998); Boyd v. Fanelli, 199 Va. 357, 360, 99 S.E.2d 619, 622 (1957). In this case, Virginia Jones conceded, both in her brief and at oral argument, that the trial court correctly applied the early vesting rule in its determination that Vaiden Jones had a vested remainder subject to divestment in the property bequeathed by Thomas Jones in his will. Vaiden Jones's remainder interest vested immediately upon Thomas Jones's death in 1993.

While Vaiden Jones had a vested remainder interest in the property left by his father, that interest was subject to

4

divestment if his mother, Annie Jones, elected to dispose of the property during her life. However, Vaiden Jones's interest in the parcel was not divested because Annie Jones had not disposed of it at the time of her death.

Code § 8.01-458 provides that:

> Every judgment for money rendered in this Commonwealth by any state or federal court or by confession of judgment, as provided by law, shall be a lien on all the real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket of the clerk's office of the county or city where such land is situated.

It is not disputed that Hill's judgment was properly recorded in Brunswick County. Therefore, beginning in August 2000, she had a lien on "all the real estate of or to which" Vaiden Jones was or became possessed or entitled.

To be "entitled" to something is to have some claim or legal right over it. See Webster's Third New Int'l Dictionary 758 (1993); see also Black's Law Dictionary 532 (6th ed. 1990). Vaiden Jones's vested interest in the land was a legally cognizable right that was subject to his creditor's actions to satisfy legally enforceable debts. See Scott v. Patterson, 104 Va. 455, 456-57, 51 S.E. 848, 848-49 (1905) (a vested remainder may be held liable for the remainderman's debts). Consequently, Hill had a lien on Vaiden Jones's

5

remainder interest in the parcel when her judgment was docketed.

Vested interests in land may be sold or inherited. When Vaiden Jones died, his vested interest passed to Virginia Jones, his wife. However, her inheritance of Vaiden Jones's remainder interest in the parcel before the death of Annie Jones did not destroy Hill's lien because a lien attaches to property, not to the person against whom judgment is awarded. Hardy v. Norfolk Mfg. Co., 80 Va. 404, 418 (1885). Consequently, Hill's lien remained attached to the parcel when it passed to Virginia Jones, and Hill is entitled to enforce her lien against that portion of the proceeds from the sale of the parcel intended for Virginia Jones.

Accordingly, we will affirm the judgment of the trial court.

Affirmed.