Senior Justice STEPHENSON, dissenting.
 

 I respectfully dissent. When the wills are read as a whole, I conclude that the Testators never intended to vest Louise with the corpora of the trusts established for her benefit.
 

 When construing a will, a court's object is to determine what the testator meant by the language used. If the meaning of the words used is plain, a court must not resort to rules of construction. In determining a testator's intent, the will as a whole should be considered, and, if possible, effect should be given to all provisions of the will in order to ascertain the testator's general plan and purpose.
 
 Boyd v. Fanelli,
 

 199 Va. 357
 
 , 360,
 
 99 S.E.2d 619
 
 , 622 (1957). Thus, while the law favors early vesting of estates, "if it appears from the language of the will that testator intended that the vesting of an estate be deferred to a time or event subsequent to his death, that intent must be given effect."
 
 Id.
 
 at 360-61,
 
 99 S.E.2d at 622
 
 .
 

 In the present case, the Testators were very careful to avoid the result reached by the majority. Each will prohibited Louise from assigning the principal of the trust created for her benefit. Each will also contained a spendthrift provision that provided that the principal would not be subject to any liability Louise might incur. Moreover, each will did not make periodic distributions of
 corpus to Louise as were made to William, Jr.
 

 Clearly, the Testators intended that Louise was to have no control over the corpora of the trusts established for her benefit. Indeed, it defies logic and reason that the Testators would create spendthrift trusts and, at the same time, intend to vest Louise with the corpora thereof. Such an inconsistency was recognized in
 
 Boyd
 
 when we said the following:
 

 In construing the will to determine whether it was the intent of the testatrix that the remainder vest upon her death or upon the death of the life tenant, it must be kept in mind that paragraph C sets up a spendthrift trust.
 

 ....
 

 This provision is inconsistent with the idea that the testator intended that the remainder vest upon her death .... An anomalous situation would exist if the beneficiary under the spendthrift trust who now receives income for life ... is ... also the owner of a vested interest in one-third of the remainder of the corpus of the trust estate.
 

 Id.
 
 at 361,
 
 99 S.E.2d at 622-23
 
 .
 
 *
 

 It is equally clear, given the Testators' "general plan and purpose," that their estates should stay in their family. This is accomplished by finding that the corpora of the trusts shall be divided between the Grandchildren determined as of the date of the death of William, Jr., the Testators' last surviving child.
 

 For the foregoing reasons, I would hold that the Testators did not intend that the remainder interests in the trusts created for Louise's benefit should vest at the time of their deaths, but that vesting should be deferred until the death of William, Jr. I would further hold that the remainder interests are vested in the Grandchildren. Accordingly, I would reverse the trial court's judgment, enter final judgment in favor of the Grandchildren in whom the remainder interests would be vested, and remand for a distribution of the corpora and interest consistent with the views expressed herein.
 

 ---------------
 

 ---------------